## 20919.   HARVEY v. THE STATE.

HAWKINS, Justice.   William T. Harvey was tried in Chatham Superior Court under an indictment charging him with having murdered Organ Emerson, and the jury returned a verdict of guilty with a recommendation of mercy.   To the judgment denying his motion for a new trial, based on the general grounds and two special grounds, the defendant excepts.   The special grounds complain: (1) that the court erred in failing to charge the law and rules governing circumstantial evidence; that the case was based on circumstantial evidence, and that it was the duty of the court, in the absence of a request, to charge this principle of law; and (2) that the State's case was based on alleged admissions and confessions made by the defendant, and it was the duty of the court, under the facts in said case, even in the absence of a request, to charge that confessions must be voluntary, without hope of reward or fear of punishment, and that admissions should be scanned with care.

The wife of the deceased testified for the State, that she and her husband resided at 805 Wheaton Street, Savannah, Chatham County, Georgia, on July 25, 1959, on which date her husband and their next-door neighbor, Plantee Brown, were discussing the actions of the latter's child or children, and in which conversation the defendant intervened; that this resulted in an ensuing argument between the defendant and the

deceased, in which each accused the other of telling a lie; that the defendant had a pistol in his hand; that, when she saw the pistol, she pushed her husband and told the defendant to "go ahead on, and Martha [Ellerson] came out on the porch at the time, and Plantee [Brown] was trying to tell Miss Martha what it was about, and so at that time Martha said 'I don't see no sense in all this about children'; so Miss Martha went over and grabbed Harvey and told him to come on in the house. Emerson [the deceased] walked down off the porch and went on down the street."

Martha Ellerson testified that she said "You are making a fuss about nothing"; that "Harvey [the defendant] was standing up and he said to me, 'I'll kill him tonight if it's the last thing I do.'"

The wife of the deceased further testified that her husband later returned home, telling her, "I don't like what Harvey done to me"; that she tried to get her husband to go in the house, and he said he was going to sit on the porch; that she went on in the house, shut the front door, and after some fifteen or twenty minutes "I heard Harvey at it again; I heard Harvey saying 'You tell a damn lie'; Emerson say 'you tell another lie,' and then Harvey say 'You tell a God damn lie,' and at that time I heard the gun fire and I run to the door, and as I went to open the door this officer was coming up on the porch, and when I got to Emerson the officer was to Emerson too, and Emerson was laying down with one foot under the other."

A. W. Deal, a city policeman, testified: "On the night I discovered the body of this man Organ Emerson I was in the vicinity of 1105 Wheaton Street when I heard the shot; . . . I turned my car around and his wife was on the porch screaming, and that gave me the direction; I stopped the car and jumped out; the deceased was laying on the porch, and she was standing in the door screaming. . . The wrench was laying under his right leg and about this much under his left leg. As I jumped out the car and ran to the porch, she stated that the man who had done the shooting lives next door; I immediately kicked the door open with my gun in my hand and I heard the back door slam; and when I got to the back door I heard somebody getting around the other side of the fence and he started running

176

down the lane; I'd say that fence was approximately five feet high with a bench against the fence, so it was about three feet high from that bench. He wasn't apprehended that night, but he came in about 2:30 in the morning."

On cross-examination by counsel for the defendant, John Z. Ryan, court reporter, testified that he reported and transcribed the testimony in the police court, at which hearing "Captain Hallman testified 'The detectives took a statement from Harvey in which he admitted doing the shooting, and said that the argument had been about the actions of the children and that, when they came to the porch and renewed the argument, that Emerson had gone into the house and gotten a large wrench and came back and threatened to strike him on the head with it, that he did strike him on the forehead here, inflicting a slight wound or bump I should say on the left forehead, and Harvey said it was at that point he pulled out the pistol and fired the shot; the shot was fired at very close contact; I would say within inches of the body itself. The officers did find a large Stilson type monkey type wrench on the porch where Emerson's body was found.'"

In his unsworn statement to the jury, the defendant said, "That evening I went in the house and I came back on the porch, and I was sitting on the porch and Emerson came up and he said the kid had scooted some water on him; he said 'His Mamma beat him,' and I said 'Yes,' and he said 'All right'; it was just like that. He got up and went in the house and he came back and he started cursing me and he had this wrench in his hand and he hit me with it, and I had my pistol in my pocket and I shot him to protect myself. Then I ran through the house, out the back door and over the back fence. Then later I surrendered myself." *Held:*

1. Where, as in this case, the defendant, in his statement to the jury, admits the shooting of the deceased, but claims justification, the case is not one depending wholly upon circumstantial evidence, and the failure of the court to charge on that subject, in the absence of an appropriate request, is not cause for reversal. *Harris v. State,* 152 Ga. 193 (108 S. E. 777), and cases cited; *Griner v. State,* 121 Ga. 614 (49 S. E. 700); *Duren v. State,* 158 Ga. 735 (3) (124 S. E. 343); *Pippin v. State,* 205 Ga. 316 (11) (53 S. E. 2d 482).

2. "The second ground of the amended motion complains of the

failure of the court to instruct the jury as to the law of confessions. In the absence of a timely written request, it is not error for the trial court to fail to charge the jury upon the subject of confessions or incriminatory admissions. *Miles v. State,* 182 Ga. 75 (2) (185 S. E. 286); *Walker v. State,* 118 Ga. 34 (3) (44 S. E. 850); *Cantrell v. State,* 141 Ga. 98 (2) (80 S. E. 649)." *Phillips v. State,* 206 Ga. 418 (2) (57 S. E. 2d 555).

3. The verdict is supported by the evidence, and it was not error for the trial judge to deny the motion for new trial for any reason assigned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 13, 1960—DECIDED JULY 7, 1960.

*Aaron Kravitch, H. N. Ginsberg,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.