### 23394. ANGLIN v. THE STATE.

CANDLER, Presiding Justice. Alto Anglin was convicted of murder in Camden County and sentenced to life imprisonment. He timely filed notice of appeal to this court and enumerated as errors: (1) the denial of his motion for a directed verdict of acquittal, (2) the failure of the judge to instruct the jury on the law relating to confessions, (3) allowing a witness for the State who examined the body of the deceased to express an opinion as to the cause of her death, and (4) by the language employed, the judge expressed an opinion prejudicial and harmful to him in charging the jury as to the form of their verdict "if they found in favor of the defendant." The errors thus enumerated will be considered in the order of their statement. *Held:*

1. It is never error in a criminal case for the judge to refuse to direct a verdict of not guilty and there is no merit in the contention that *Code Ann.* § 110-113 changed this rule. *Winford*

*v. State,* 213 Ga. 396 (5) (99 SE2d 120) ; *Albert v. State,* 215 Ga. 564 (3) (111 SE2d 215).

2. In the absence, as here, of a timely written request to do so, the trial judge did not err in failing to charge on the law of confessions. *Murray v. State,* 214 Ga. 350 (104 SE2d 905) ; *Harvey v. State,* 216 Ga. 174 (2) (115 SE2d 345). And the fact that he charged on the subject of incriminating statements does not require a different holding from the one here made.

3. Berry Douglas, a witness for the State, testified that he had been a licensed funeral director for 29 years and that he had during that period seen and examined the bodies of many persons who died from gunshot wounds. He testified that he found 3 bullet wounds on the body of Mattie Lee Haile—the person alleged to have been murdered by the accused—two of which entered her back and came out at her breast and one which entered the back of her leg and came out above her stomach. He further testified that it was his opinion from his examination of the body of the deceased that any one of the wounds he found on her body could have produced her death. His opinion evidence was allowed over an objection by counsel for the accused that it was only a conclusion of the witness, unsupported by any direct evidence that such wounds caused her death. In overruling this objection, the judge stated that he would allow the evidence as a circumstance to be considered by the jury in determining the cause of decedent's death. No error resulted from this. Having testified to the wounds he found on the body of the deceased and their location, it was permissible for the witness to give as his opinion that death could have resulted from either one of such bullet wounds. *Fudge v. State,* 190 Ga. 340 (2) (9 SE2d 259) ; *Davidson v. State,* 208 Ga. 834 (3) (69 SE2d 757).

4. In his instruction to the jury as to forms for the verdict, the judge charged: "Gentlemen, I omitted the most important part to the defendant in this case; on the other hand if you do not believe the defendant be guilty, or if you entertain a reasonable doubt as to his guilt, it is your duty to give him the benefit of that doubt and acquit him, and in the event you find him not guilty, the form of your verdict will be 'We the jury find the defendant not guilty.' " The defendant contends that the judge by this portion of his charge expressed an opinion "from the bench" which was prejudicial and harmful to him.

This criticism of the charge is clearly without merit.
*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 15, 1966—DECIDED MARCH 22, 1966.

*J. S. Hutto, Nathan, Hutto & Lee*, for appellant.

*Jack W. Ballenger, Solicitor General, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General*, for appellee.