## 60211. ROGERS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals her conviction of three counts of violations of the Georgia Controlled Substances Act. *Held:*

1. The defendant filed a Motion for Continuance alleging "she was prejudiced by the call of her case outside its normal sequence on the Court docket." The motion was filed and denied on September 17, 1979. The trial was held September 19, 1979. The motion was not renewed on the day of trial. Our Code provides that cases on the criminal docket shall be called in the order in which they stand on the docket "or otherwise in the sound discretion of the Court." Code Ann. § 27-1301 (Code § 27-1301). This code section is "directory and not mandatory . . ." *Rosenbrook v. State,* 78 Ga. 111 (2); *Barrentine v. State,* 136 Ga. App. 802 (3) (222 SE2d 103); *In re Pending Cases, Augusta Judicial Circuit,* 234 Ga. 264, 268 (215 SE2d 473) (concurring opinion).

The record reflects only that the motion was made and denied and the trial called two days later. We will not presume error from a silent record. The defendant has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief. *Roach v. State,* 221 Ga. 783 (4) (147 SE2d 299). There is no showing of the docket or where the defendant's case was on the docket, or whether it was or was not called in its correct turn. Defendant has not attempted to supplement the record as provided for in Code Ann. § 6-805 (f) (Ga. L. 1965, pp. 18, 24). Therefore, there is nothing for this court to review. *Allen v. State,* 230 Ga. 772 (2) (199 SE2d 246).

2. It is argued that the trial court erred "in its failure to charge the jury concerning factual findings relating to an alleged consent search of defendant's purse, and admitting [such] evidence over objection" of the defendant. We do not agree.

A police officer testified that he asked the defendant "if I could search her purse. She said I could." He found the suspected drugs in her purse. The defendant stated that the officer did not ask for her permission to search her purse, but "took it out of my hand." A second officer verified that consent by the defendant was given to search her purse and her car. A motion to suppress was filed and denied by the trial court. After the charge to the jury was concluded the defense objected on the ground that the charge did not instruct "the jury on the issue of voluntariness of the search of the lady's purse." The court refused to charge further. We find no error.

There appears to be some procedural confusion as to whether a motion to suppress should be treated by the trial court in the same

manner as a confession, e.g., the trial court rules initially on admissibility and then submits, upon request, the final issue to the jury—with appropriate instructions. See *Batts v. State,* 238 Ga. 664, 667 (235 SE2d 377); *Mitchell v. State,* 239 Ga. 456 (238 SE2d 100).

The two motions are not the same—either procedurally or substantively. Although both motions seek to exclude evidence and are considered out of the presence of the jury, on a motion to suppress the trial judge rules finally on any issue of fact or law. See Code Ann. § 27-313 (b) (Ga. L. 1966, pp. 567, 571); Ford v. United States, 273 U. S. 593, 605 (4) (47 SC 531, 71 LE 793). Credibility of witnesses, resolution of any conflict or inconsistency, and weight to be accorded testimony is solely the province of the judge on a motion to suppress. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345); *Goins v. State,* 139 Ga. App. 6 (2) (228 SE2d 13); *Gilliland v. State,* 139 Ga. App. 399, 402 (228 SE2d 314).

Our Code Ann. § 27-313 appears to have been patterned after Federal Rules of Criminal Procedure 41 (18 USCA § 41) as both have similar wording. Federal courts are unanimous in interpreting FRCP 41 that "[i]t is for the court and not the jury to decide whether evidence has been illegally seized." Bretti v. Wainwright, 439 F2d 1042 (7) (5th Cir. 1971), U. S. cert. den. 404 U. S. 943; accord, Ford v. United States, 273 U. S. 593, 605, supra; Burris v. United States, 192 F2d 253 (2) (5th Cir. 1951); Miller v. United States, 354 F2d 801 (1) (8th Cir. 1966). Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) cannot be invoked to determine validity of a search and seizure. Phelper v. Decker, 401 F2d 232, 235 (5th Cir. 1968). Thus, existence and voluntariness of consent to search are questions to be decided solely by the judge and not the jury. United States v. Aldrete, 414 F2d 238 (4) (5th Cir. 1969); United States v. Watson, 459 F2d 588 (1) (8th Cir. 1972). The trial court did not err in failing to instruct the jury on consent to search.

Our Supreme Court has held that "[f]actual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous." *Johnson v. State,* 233 Ga. 58 (209 SE2d 629). There is testimony of two police officers supporting the findings of the trial court. The court's findings are not clearly erroneous. This enumeration is without merit.

3. The defendant enumerates as error the trial court's "failure to charge the jury relating to the legal requirements of warning prior to receiving and considering statements of the defendant." In argument it is contended "the Sheriff . . . testified to certain incriminating statements or admissions of the Appellant (T-98 through T-104) over objection."

First, we found no incriminating statement or admission of the defendant in the cited portion of the transcript. Secondly, counsel for the defendant had the sheriff on cross examination from pages 101 to 104, eliciting the responses now objected to. The only objection found dealing with testimony of the defendant to the sheriff on direct examination concerned consent to the search of her purse. This is not an admission in the classical sense that it is incriminating per se. See *Gaines v. State,* 239 Ga. 98, 100 (236 SE2d 55). Thus, standing alone it does not require a charge to the jury. See Division 2, supra.

We must note that the defendant never requested a Jackson-Denno hearing at trial to contest admissibility of any incriminating statement. Neither did defendant request a charge on voluntariness of such statements. Counsel did object following the charge regarding possible incriminating statements. "Under established Georgia law there is no necessity to give a charge on the subject of the voluntariness of a confession unless there is a specific request for it. *Ivy v. State,* 220 Ga. 699, 704 (141 SE2d 541); *Harvey v. State,* 216 Ga. 174, 177 (115 SE2d 345) (both cases approved in *Curry v. State,* 230 Ga. 221 (196 SE2d 443) (no confession))." *Thomas v. State,* 233 Ga. 237 (4) (210 SE2d 675). See also *Thomas v. State,* 234 Ga. 615, 617-618 (216 SE2d 859). We find no error under the circumstances of this case.

4. Defendant alleges error in the trial court's denial of its motion for directed verdict of acquittal because of "possession of Class I and II drugs and marijuana, in quantities so small they could not be seen, used or weighed." We are urged "to reconsider this problem" that was settled in *Partain v. State,* 139 Ga. App. 325 (5) (228 SE2d 292), affd. 238 Ga. 207 (232 SE2d 46). Therein we held: "Regardless of the amount, however minute, if it is enough for the officers to recover, as small as it may be, and capable of being identified by expert chemical analysis, such testimony would be sufficient when considered with other evidence as to possession."

A police officer testified he found "three plastic bags" with "white powder residue in the bags," a bottle with one yellow capsule, three partially smoked marijuana cigarettes, three syringes containing powder residue, one plastic box containing rolling papers, one razor blade, a small brass pharmacy bowl—with pill crusher—containing residue, and one paper bag containing marijuana.

We find the evidence of record satisfies the test of *Partain v. State,* 139 Ga. App. 325, supra, and decline to reconsider that holding.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED JULY 9, 1980 — DECIDED SEPTEMBER 10, 1980 —

*William G. Posey,* for appellant.
*William A. Foster, III, District Attorney,* for appellee.