## 75814. HALL v. THE STATE.
(368 SE2d 787)

CARLEY, Judge.

Appellant was indicted for rape and incest, both of which crimes he had allegedly committed against his fourteen-year-old daughter. The jury returned a verdict of guilty as to the charge of incest and a verdict of not guilty on the rape charge. Appellant appeals from judgment of conviction and sentence entered by the trial court on the jury's verdict.

1. In several of his enumerations of error, appellant raises the general grounds.

The absence of any corroborative evidence is not a ground for reversing appellant's conviction. "A conviction for incest may be based upon the uncorroborated testimony of the prosecuting witness, if the testimony is sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt. [Cits.]" *Baker v. State,* 245 Ga. 657, 666 (5) (266 SE2d 477) (1980). See also *Scales v. State,* 171 Ga. App. 924 (2) (321 SE2d 764) (1984). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial, proof of appellant's guilt of the crime of incest beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court permitted the victim to testify as to two prior incidents in which appellant made sexual advances toward her. Appellant enumerates this evidentiary ruling as error, contending that the testimony improperly placed his character into evidence.

" ' "(B)efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. (Cits.)" [Cit.]' [Cit.] There was no question here that [appellant] was the person involved in the [two] incidents testified to by the prosecutrix, and the rule is usually applied more liberally with 'evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged. . . .' [Cits.] 'Certain other-

wise inexplicable assaults, such as occur in a series of incidents of wife or *child abuse,* particularly lend themselves to this exception to the "other offenses" rule on questions of both identity and motive. [Cits.]' [Cit.]" (Emphasis supplied.) *Gresham v. State,* 169 Ga. App. 525, 526 (1) (314 SE2d 111) (1984). Accordingly, the trial court did not err in admitting evidence of the prior incidents.

3. During the course of the trial, appellant placed his own character in issue by calling a witness to testify as to his general good character. Thereafter, over appellant's objection, the State was allowed to cross-examine the good character witness as to appellant's prior criminal conviction and also to introduce a certified copy of that prior conviction. These evidentiary rulings by the trial court are enumerated as error. " 'When the defendant, in the trial of a criminal case, puts his character in issue the State (a) may cross-examine the witnesses offered by him in order to test their knowledge of his character, and . . . (c) the State may, where the defendant has been previously convicted of a crime involving moral turpitude, introduce the record of such conviction in the manner provided by law' [Cit.]" *Ailstock v. State,* 159 Ga. App. 482, 485 (3) (283 SE2d 698) (1981). There was no error.

During the cross-examination of appellant's character witness, the State also inquired concerning the witness' knowledge of appellant's prior arrest record. Appellant objected to the question and moved for a mistrial. The trial court sustained the objection but denied the motion for a mistrial. The trial court's failure to grant a mistrial is enumerated as error. The trial court did err in its ruling with regard to this questioning of appellant's good character witness. Its error was, however, in sustaining appellant's objection to the questioning, not in failing to grant the motion for mistrial. The State is entitled "to ask witnesses who had testified as to appellant's good reputation if they had heard he had been *arrested* or convicted of certain offenses." (Emphasis supplied.) *Montgomery v. State,* 173 Ga. App. 570, 572 (3) (327 SE2d 770) (1985).

4. The trial court's failure to instruct the jury, without request, that appellant's prior conviction could be used only for limited evidentiary purposes is enumerated as error.

"It is well recognized that when evidence is admitted for one purpose, as it was in the instant case, it is not error for the [trial] court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury.* [Cits.]" (Emphasis in original.) *Harrell v. State,* 241 Ga. 181, 186 (2) (243 SE2d 890) (1978). See also *Pyburn v. State,* 175 Ga. App. 158, 159 (2) (332 SE2d 899) (1985); *Hendrickson v. State,* 159 Ga. App. 628, 629 (2) (284 SE2d 645) (1981). Accordingly, the trial court did not err in failing to give unrequested instructions concern-

ing the purpose for which the evidence was admitted.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 13, 1988.

*Charles A. Bennett*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Paul L. Howard, Jr., Nancy A. Grace, Assistant District Attorneys*, for appellee.