## 76424. TILLERY v. THE STATE.
(372 SE2d 851)

POPE, Judge.

Defendant Ronnie Tillery was tried and convicted of violating the Georgia Controlled Substances Act by selling marijuana, and appeals.

The State presented evidence that on the night of August 8, 1986 Michael George, an undercover agent for the GBI, drove with a confidential informant to defendant's residence in Walton County, where he purchased a $30 bag of marijuana from defendant after being introduced by the informant. George and the informant returned to George's car, where George removed the plastic bag of marijuana from his pocket and placed it in a console in the car. After dropping off the informant, George returned to his living quarters and put the bag of contraband in a larger plastic bag, which he labeled with defendant's name, the date and the time he purchased it. George was working out of the Atlanta office and was not scheduled to return there until August 26, so he locked the contraband in his briefcase to which he had the only key. On August 26 George turned over the plastic bag containing the substance purchased from defendant to a forensic chemist at the State Crime Lab, who tested it and identified the contents as marijuana. Defendant and his wife testified that they were at home with friends on the night in question, but no one else came to their house that night. *Held*:

1. Defendant objected to admission in evidence of the marijuana

on the ground that the State had failed to establish a chain of custody with reasonable certainty. He contends that the 18-day gap between the alleged purchase of the contraband and its delivery to the crime lab, coupled with the access of the informant to it while it was in the unlocked compartment of George's car, distinguish the situation here from those where there was only a "bare speculation" of tampering with the evidence. We do not agree. George's testimony established that the informant had access to the marijuana only in his presence and never tampered with or touched it, and that it was otherwise in a locked briefcase in his sole possession until he personally delivered it for testing. The State met its burden of showing with reasonable certainty that the evidence was the same as that sold by defendant and that there had been no tampering or substitution. Therefore, it was properly admitted. *Tyson v. State*, 184 Ga. App. 309 (2) (361 SE2d 386) (1987), accord *Johnson v. State*, 184 Ga. App. 745 (1a) (362 SE2d 450) (1987).

2. Nor do we agree that the trial court improperly denied defendant's pretrial motion to suppress the State's in-court identification of him. Defendant's motion does not appear in the record and there is no transcript of the hearing thereon, but he asserts that the use of a one-photograph display in which George identified him as the perpetrator tainted his in-court identification. George testified that he did not participate in defendant's arrest, which was made at a later time when a "drug sweep" was conducted, but that he did look at a photograph the day after defendant's arrest to insure that the proper person had in fact been arrested. The record also shows George had previously furnished a detailed description of defendant after having seen him on several occasions, and defendant was positively identified in court by both George and by the confidential informant who had known defendant for five years. "Even if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. [Cit.]" *Selbo v. State*, 186 Ga. App. 779, 781 (368 SE2d 548) (1988). We find no error in the denial of defendant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 8, 1988.

*David F. Dickinson*, for appellant
*John M. Ott, District Attorney*, for appellee.