*Donald M. Comer*, for appellee.

## 77249. MATHIS v. THE STATE.
(375 SE2d 77)

DEEN, Presiding Judge.

The appellant, Johnny Mathis, was convicted of selling cocaine in violation of the Georgia Controlled Substances Act. On appeal, he attacks the admission into evidence of a police officer's identification testimony, and a portion of the jury charge.

Twice on the evening of January 16, 1987, Mathis sold crack cocaine to an undercover police officer. This officer reported back to the Albany Police Department, where he described Mathis and related that Mathis had identified himself as "Johnny Cool." Mathis was not arrested at the time, because the undercover officer was "on loan" from another county for an ongoing operation which would have been jeopardized by any immediate arrests. In order to ascertain definitely the identity of the seller, the undercover officer viewed some photographs on file at the police station, from which he identified Mathis. Other police officers were then sent to locate Mathis, who was distinctively dressed in a yellow raincoat, blue and white cap, and white painter's pants, and under some ruse to stop and identify him. Approximately two weeks later, Mathis was arrested. *Held*:

1. Evidence of a pre-trial identification is inadmissible if the pre-trial identification procedure was impermissibly suggestive and resulted in a substantial likelihood of irreparable misidentification. *Pack v. State*, 182 Ga. App. 618 (356 SE2d 557) (1987). Even if such considerations apply where one police officer views photos on file at the police station in order to attach a real name to a person under investigation known by a nick-name, it is clear that no irreparable misidentification resulted here. At the trial, the undercover officer had no doubt, from his personal purchase of cocaine from Mathis, in identifying Mathis.

2. In instructing the jury on the form of the verdict, the trial court explained the possible guilty verdicts on the two counts and the possible verdicts of acquittal. There was no abnormality in this typical charge, and, contrary to Mathis's contention, no intimation by the trial court of his opinion as to Mathis' guilt.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 12, 1988 —
REHEARING DENIED OCTOBER 28, 1988.

*Stephen S. Goss*, for appellant.
*Hobart M. Hind, District Attorney, John L. Tracy, Assistant District Attorney*, for appellee.