A89A0328. SMITH v. THE STATE.
(383 SE2d 600)

BIRDSONG, Judge.
This is the second appearance of the appellant before this court in this matter. The basic facts can be found in *Smith v. State*, 186 Ga. App. 303 (367 SE2d 573), in which the judgment was affirmed on the convictions and certain counts of the sentence. The case was re-

manded to the trial court for a hearing on the appellant's claims of ineffectiveness of his original trial defense counsel and for resentencing on the other counts. The trial court having complied with the remand and the appellant still being dissatisfied with the result, he now assigns as error (1) the trial judge refusing to recuse himself on the appellant's motion, (2) the trial judge resentencing the appellant after denying the motion to recuse, and (3) the trial judge finding that the defense counsel was not ineffective. Pursuant to appellant's request, we have considered, as incorporated, his briefs in both appeals. *Held*:

1. Appellant's motion to recuse the trial judge was filed on the day of the hearing on the issue of the original trial defense counsel's ineffectiveness. Uniform Superior Court Rule 25.1 requires motions for recusal to be filed within five days of the movant's first learning of the purported grounds for disqualification, or at least ten days prior to trial. The appellant's motion was untimely on both grounds. *Wakefield v. Stevens*, 249 Ga. 254, 255-256 (290 SE2d 58).

The trial judge set the case for hearing on July 11, 1988, by order dated May 10, 1988. The trial court was authorized to find that appellant's reasons why he could not file the motion within the time prescribed by the Uniform Rules are not persuasive and do not constitute good cause. Thus, correctly finding that the motion was untimely, the trial judge appropriately denied the motion. Although the judge permitted the appellant's counsel to be heard on this issue, he committed no error and did not cure the appellant's untimely motion by so doing. The motion being untimely, the trial judge was not required to refer the case to another judge for hearing on the motion to recuse. See *Birt v. State*, 256 Ga. 483, 484 (350 SE2d 241). Moreover, the reasons stated for the recusal did not meet the standards for disqualification. "[T]o be disqualifying the alleged bias 'must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.' [Cit.]" *Carter v. State*, 246 Ga. 328, 329 (271 SE2d 475). The reasons provided in the appellant's affidavit failed to meet this test as he alleged as reasons for the disqualification merely the rulings and decisions made by the trial judge in the course of the trial. Accordingly, the motion for recusal was properly denied.

2. In view of our decision on the first enumeration of error, appellant's second enumeration of error, that it was error for the trial judge to resentence him after denying the recusal motion, is also without merit.

3. The appellant's burden on challenging his counsel's effectiveness was to establish that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Brown v. State*, 257 Ga. 277, 278 (357 SE2d 590). He was required to show that there was a reasonable probability that the result of the proceedings

would have been different but for his counsel's unprofessional deficiencies. *Baggett v. State*, 257 Ga. 735 (363 SE2d 257). Further, he had to overcome the strong presumption that the representation was effective. *Clarington v. State*, 178 Ga. App. 663, 667 (344 SE2d 485). He has not done so.

Appellant's allegations against his counsel are in part based upon his counsel's failure to make certain objections which appellant now contends should have been made. The counsel's performance must be evaluated under the circumstances existing at the trial and not by benefit of hindsight. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362). Viewed in that manner, we find that the failure to make the objections appellant now wishes had been made, was part of the trial strategy counsel developed after the motion to suppress was denied. Assuming that such objections should have been made (and it is not so clear to us that all the objections would have been necessarily sustained), we do not find that the failure to object under these circumstances constituted ineffective assistance of counsel. Judgmental and tactical errors do not always equate to ineffective assistance of counsel. *Clarington*, supra.

Appellant now also contends that he should have testified in his own behalf and that his failure to do so was the result of bad advice from counsel because of counsel's misunderstanding of the law concerning placing a defendant's character in issue. After reviewing his counsel's testimony at the hearing, we do not find the confusion appellant asserts. The decision to recommend that the appellant not take the stand was not based upon the belief that such testimony would automatically place the appellant's character in issue. Rather, counsel's views were based upon his belief that in appellant's then-existing emotional state it was highly likely he would himself open the door to an attack on his character. Therefore, we do not find counsel's recommendation to have been inherently erroneous. While other counsel may have made another recommendation, this one, under the facts of this case, does not constitute a denial of effective assistance of counsel. *Heard v. State*, 177 Ga. App. 802, 804 (341 SE2d 459).

Considering the totality of the circumstances and not just appellant's allegations of isolated errors, *Clarington*, supra, we are satisfied that appellant has failed to meet his burden. He failed to show that his counsel's performance was deficient and that in any event counsel's performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). The appellant was provided with reasonably effective assistance of counsel. See *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515). Having reviewed the record, including the hearing on remand, and applying the appropriate standards, we find that the appellant's contentions are without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

Franklin Smith, *pro se.*

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Nelly F. Withers, Assistant District Attorneys,* for appellee.