## A89A0825. SMITH v. THE STATE.
(384 SE2d 677)

BIRDSONG, Judge.

Alvin Michael Smith appeals his conviction for two counts of sale of cocaine, obstruction of an officer and criminal trespass.

His defense was "mistaken identity." He was not arrested at the time of the cocaine sales. He complains, as fatal to his defense, of "the prosecution's refusal or failure (and the Superior Court's condonation of that act), to identify the passenger who accompanied agent Marc Williams on the cocaine buys. . . ." He also contends the trial court erred in denying his motion to suppress "the tainted identification of the undercover officer . . . [of Smith] as the perpetrator of the cocaine sales at issue." *Held*:

1. Appellant's complaint on appeal of the *prosecutor's refusal or failure* to identify the passenger, and the *trial court's condonation of that refusal or failure*, is without merit. In *State v. Mason*, 181 Ga. App. 806 (353 SE2d 915) and see *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511), we firmly established the requirements for the disclosing of the identity of an informer, and summonsing him or her as a defense witness (*State v. Mason*, supra) as well as the actual conduction of a motion to reveal identity. See *Moore*, supra, p. 388.

Public policy inhering in the need to protect an informer and to encourage information is so strong that it may, in particular circumstances, outweigh a defendant's right to summons a witness even if the witness is essential to the defense. *State v. Mason*, supra, pp. 809-812. In such a case, the informer's privilege may be so strong that the prosecution will generally drop the prosecution rather than unveil the informer. *State v. Mason*, supra. Therefore, there are particular requirements placed upon the defendant to justify identifying or summonsing the informer. The defendant must ask the trial court for an in-camera examination of the matter, by first showing not only the *materiality* but the *necessity* of the witness' testimony in the defense. *State v. Mason*, supra, p. 813. Appellant asked the State for the information, but he did not properly ask the trial court to make the State produce it; he did not show a materiality and necessity for disclosure of the passenger's identity and testimony. Appellant does not even suggest the witness would exonerate him, or in any other way establish the witness' materiality and necessity. If appellant did not know the identity of the passenger, or what such witness would say, he made no genuine attempt to find out, and certainly made no proper request as required described in *State v. Mason* and *Moore v. State*, supra, and authority relied upon therein.

We find no error.

2. Appellant casts error on the trial court's denial of his motion to suppress the agent's in-court identification of the appellant. It is

not necessary to recount all the evidence here; but in essence, appellant contends it shows the agent did not know appellant. He learned appellant's name and identified him as the seller *before trial*, but only after another officer (being given the seller's description) showed the agent appellant's photograph and "suggested" this was the seller.

However, this evidence, even stated in appellant's favor, fairly discloses the agent had "a face" but not "a name"; the only way he could find out the identity of the drug purveyor was to describe him, with the time and location, to another officer (who had recently seen appellant at the location). This officer merely supplied the agent with a name to go with the face, and only thus was the appellant arrested.

There often will be no other way to identify a described suspect. The agent had clearly seen the appellant three times, when he was solicited and then during the two "buys," and had closely observed him for future identification. This was not an impermissibly suggestive procedure such as a photo "line-up" containing one picture, but was more a matter of detection.

Moreover, the *in-court* identification clearly was of independent origin, and was not "tainted" by the way in which the agent learned the name of the seller. The agent identified appellant based upon three meetings with the seller of cocaine, and not merely upon an impermissible suggestion by another that appellant was the seller. See *Mathis v. State*, 189 Ga. App. 53 (375 SE2d 77); *Tillery v. State*, 188 Ga. App. 320 (372 SE2d 851).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 5, 1989.

*Glover & Davis, R. Keith Prater*, for appellant.
*William G. Hamrick, Jr.*, District Attorney, *Agnes McCabe*, Assistant District Attorney, for appellee.