## A91A0086. THOMASON v. THE STATE.
### (406 SE2d 528)

McMurray, Presiding Judge.

This is the second appearance of the case sub judice before this Court. Following this Court's decision in *Thomason v. State*, 196 Ga. App. 447 (396 SE2d 79), the case was returned to the trial court for the resentencing of defendant. Defendant Thomason now appeals from the sentence then imposed and also from the denial of his motion to recuse. *Held*:

1. "When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted." Rule 25.3 of the Uniform Rules for the Superior Courts. See also *State v. Fleming*, 245 Ga. 700, 701 (1) 702 (267 SE2d 207) and *Smith v. State*, 192 Ga. App. 18, 19 (1) (383 SE2d 600).

Consistent with this rule, the trial judge reviewed defendant's motion to recuse and affidavit in support thereof, determining that the motion was untimely as to most of the facts alleged in the affidavit and that the remainder of the affidavit was legally insufficient. "Under Rule 25.1 of the Uniform Rules for Superior Courts (253 Ga. 841), the motion is timely if filed and presented to the judge not later than five days after the affiant first learned of the ground for disqualification, unless good cause is shown for failure to meet such time requirement." *Mills v. State*, 187 Ga. App. 79 (1) (369 SE2d 283). A trial court does not err in denying a motion to recuse which was not timely filed. Id. at 80.

Nonetheless, since in our view the five-day time limit should be computed under the method set out in OCGA § 1-3-1 (d) (3), one allegation deemed untimely by the trial judge, which began on August 13, 1990, was timely raised by defendant's motion to recuse, which was filed and presented on August 20, 1990. The computation of time which we hold to be error was harmless since the allegation involved was legally insufficient. The allegation at issue, that "one of the vic-

tim's close relatives served as bailiff for the Honorable Robert B. Struble's term of criminal trials," does not show any bias on the part of Judge Struble.

The remaining allegations merely state the rulings and decisions made by Judge Struble in the course of the case. These allegations fail to satisfy the requirement that the alleged bias stems from an extrajudicial source and results in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *Smith v. State*, 192 Ga. App. 18, 19 (1), supra. We find no error in the denial of defendant's motion to recuse.

2. Defendant contends that the trial court erred during resentencing in increasing his sentence on two misdemeanor counts from 12 months probation to 12 months to serve on each count. We agree and reverse.

The original sentence in the case was ambiguous in that defendant was sentenced to confinement for a period of "Five (5) years (ct. 5)*(ct. 1) 12 months consecutive to ct. 5 (ct. 2) 12 months consecutive to ct. 1," but provided that "upon service of Three (3) years (ct. 5) of the above sentence, the remainder of Two (2) years (ct. 5) may be served on probation." Since defendant was sentenced to seven years, three to serve and two on probation, the question remains as to what became of the two missing years of defendant's sentence. Defendant must be given the benefit of the doubt as to the effect of the sentence. *Stephens v. State*, 245 Ga. 835 (268 SE2d 330). In other words, the ambiguous sentence must be given the construction which favors the liberty of the individual. *Guest v. State*, 87 Ga. App. 184 (73 SE2d 218). Thus, the original sentence must be construed as sentencing defendant to probation for the two missing years of the sentence which relate to the two misdemeanor counts.

Since defendant has entered upon the execution of his sentence, the trial court is without power to change it by increasing the punishment. *Inman v. State*, 124 Ga. App. 190, 192 (183 SE2d 413). On the resentencing, the trial court erred by increasing defendant's sentence in that the court provided that the misdemeanor sentences be served in confinement rather than on probation.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 5, 1991.

*James T. Irvin*, for appellant.

*Michael H. Crawford, District Attorney, George N. Guest, Assistant District Attorney*, for appellee.