A91A1332, A91A1423. THE STATE v. SEARS; and vice versa.
(414 SE2d 494)

CARLEY, Presiding Judge.

Wendell Sears was tried before a jury and found guilty of two counts of selling controlled substances in violation of OCGA § 16-13-30 (b). In Case No. A91A1332, the State appeals directly, asserting that void sentences were entered by the trial court on the jury's guilty verdicts. See *State v. Shuman*, 161 Ga. App. 304, 306 (6) (287 SE2d 757) (1982). In Case No. A91A1423, Sears appeals from the judgments of convictions and the sentences and from the denial of his motion for a new trial. Since a reversal of Sears' convictions would serve to moot the State's appeal from the allegedly void sentences, the merits of Case No. A91A1423 will be considered first.

*Case No. A91A1423*

1. The record demonstrates that Sears waived the right to urge error as to the trial court's charge. However, relying upon OCGA § 5-5-24 (c) and *Barnett v. State*, 178 Ga. App. 685 (1) (344 SE2d 665) (1986), he nevertheless urges that it was "substantial error" for the trial court to fail to charge, without request, that the jury was not to consider "his general character or conduct in transactions other than that for which he was on trial."

Here, as in *Smith v. State*, 186 Ga. App. 303, 312 (6) (367 SE2d 573) (1988), reliance upon OCGA § 5-5-24 (c) and the holding in *Barnett* is misplaced. The testimony that is cited by Sears as the eviden-

tiary predicate for the unrequested charge was, in almost every instance, testimony which was elicited by his own trial counsel. This testimony did not relate to a totally extraneous topic but to Sears' involvement with drugs and there is considerable doubt whether the testimony would have been erroneously admitted even if it had been elicited by the State over Sears' objection. Under these circumstances, the waived failure to give the unrequested charge clearly does not constitute "substantial error as defined in OCGA § 5-5-24 (c)." *Smith v. State*, supra at 312 (6).

2. The trial court's failure to instruct the jury, without request, that certain documentary evidence had limited relevancy and could be considered only for limited evidentiary purposes was not error. *Hall v. State*, 186 Ga. App. 830, 831 (4) (368 SE2d 787) (1988).

3. At trial, Sears testified, in essence, that he was so financially secure in his business that he did not need to sell drugs. In ostensible support of this assertion, Sears attempted to introduce a copy of a single contract for his business services. The trial court's refusal to admit the copy of this contract is enumerated as error.

Financial gain is not necessarily the only motive for selling drugs. Compare *Palmer v. State*, 186 Ga. App. 892, 895 (3) (369 SE2d 38) (1988) (theft of money). However, assuming that Sears' personal finances were a relevant issue in the instant case, there was no reversible error in the trial court's refusal to admit a copy of the single contract. The record demonstrates that Sears was allowed to testify extensively on the issue of his personal finances and was even permitted to testify as to the actual terms of the contract that are here at issue. Under these circumstances, the refusal to allow Sears to amplify his testimony by the introduction of the lone contract was, at most, harmless. "[W]e are satisfied that the trial judge did not prevent or exclude evidence of [Sears' financial condition], rather the court curtailed and limited the amount and type of information that it would allow to be presented to the jury. [Cit.]" *Palmer v. State*, supra at 897 (3).

4. Sears made no request for the trial court to conduct a hearing to determine whether the identity of a confidential informant should be revealed pursuant to *Moore v. State*, 187 Ga. App. 387, 388 (2) (370 SE2d 511) (1988). Accordingly, it was not error for the trial court to fail to conduct such a hearing. "[T]here are particular requirements placed upon the defendant to justify identifying or summonsing the informer. The defendant *must ask the trial court for an in-camera examination* of the matter. . . . [Cit.]" (Emphasis supplied.) *Smith v. State*, 192 Ga. App. 144 (1) (384 SE2d 677) (1989). See also *Roberson v. State*, 195 Ga. App. 379 (1) (393 SE2d 516) (1990).

5. A ground for objecting to the admission of a copy of what was

denominated as Sears' "Arrest/Booking Report" which was not raised below will not be considered on appeal. See generally *Stephens v. State*, 164 Ga. App. 398, 399 (3) (297 SE2d 90) (1982). Likewise, in the absence of a request by Sears or an objection to the voluntariness of any statement that he made in the report, the trial court's failure to conduct a *Jackson-Denno* hearing prior to the admission of this evidence was not error. *Hudson v. State*, 250 Ga. 479, 485 (6) (299 SE2d 531) (1983); *McNair v. State*, 190 Ga. App. 412, 413 (2) (379 SE2d 424) (1989).

6. In the absence of a written request, it was not error to fail to charge on the issue of the voluntariness of any in-custody inculpatory statement that Sears may have made. *Rogers v. State*, 155 Ga. App. 685, 687 (3) (272 SE2d 549) (1980). Moreover, since the record shows that Sears raised no issue in the trial court as to the voluntariness of any in-custody statement made by him, the trial court's failure to charge, without request, as to that issue certainly was not "substantial error" within the ambit of OCGA § 5-5-24 (c). Compare *Foskey v. Foskey*, 257 Ga. 736 (363 SE2d 547) (1988); *Phelps v. State*, 192 Ga. App. 193, 194 (1) (384 SE2d 260) (1989); *Gaines v. State*, 177 Ga. App. 795, 800 (1) (341 SE2d 252) (1986).

7. After conducting an evidentiary hearing, the trial court refused to grant Sears a new trial on the ground of ineffective assistance of counsel. This ruling is enumerated as error.

"The burden is on the defendant to establish his claim of ineffective assistance of counsel. [Cits.] A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). "Considering the totality of the circumstances and not just [Sears'] allegations of isolated errors, [cit.], we are satisfied that [the trial court's finding that [Sears] . . . failed to meet his burden [is not clearly erroneous]." *Smith v. State*, 192 Ga. App. 18, 20 (3) (383 SE2d 600) (1989).

*Case No. A91A1332*

8. The trial court imposed concurrent sentences of 30 years. The State contends that these sentences are void because OCGA § 16-13-30 (d) mandates that, "[u]pon conviction of a second or subsequent offense [of violating OCGA § 16-13-30 (b), a defendant] shall be imprisoned for life."

It is clear that, if Sears did have a prior conviction for violating OCGA § 16-13-30 (b), then a life sentence for each of his two instant convictions would be mandated by OCGA § 16-13-30 (d). To warrant the imposition of such life sentences, it would not be necessary for the State to show that, at the time of Sears' *commission* of the instant

violations of OCGA § 16-13-30 (b), he had *already* been convicted for violating that statute. A defendant can be *sentenced* to life under OCGA § 16-13-30 (d), even though his prior conviction for violation of OCGA § 16-13-30 (b) may have *postdated* the violation of OCGA § 16-13-30 (b) for which he is to be given that recidivist punishment. *State v. Hendrixson*, 251 Ga. 853, 854 (310 SE2d 526) (1984). Compare *Favors v. State*, 182 Ga. App. 179, 180 (2) (355 SE2d 109) (1987) (defendant's *pre-existing* status as a convicted felon is an essential *element* of the *crime* of violating OCGA § 16-11-131 (b)). To warrant the imposition of such life sentences, it would only be necessary for the State to show that, prior to Sears' instant trial, it had complied with OCGA § 17-10-2 (a) and had given him notice of its reliance upon his prior conviction for having violated OCGA § 16-13-30 (b). *State v. Hendrixson*, supra at 854-855. Thus, in order for the imposition of life sentences to be mandatory pursuant to OCGA § 16-13-30 (d), Sears' prior conviction need not have preceded his instant *violations* of OCGA § 16-13-30 (b), but his prior conviction must necessarily have preceded his instant *trial* for violating OCGA § 16-13-30 (b).

Obviously, neither of Sears' *instant* convictions can serve as the predicate for the imposition of a life sentence as to the other. At the time that the State was required to give its *pre-trial* notice so as to comply with OCGA § 17-10-2 (a), Sears' two *instant* convictions were neither final nor convictions. "The position adopted by the [S]tate at the sentencing hearing was that the offenses charged in the indictment for which [Sears] was on trial could be considered in determining his status as a recidivist. . . . [T]his argument . . . was clearly erroneous. [Cits.]" *McCoy v. State*, 168 Ga. App. 598-599 (310 SE2d 2) (1983) (On Motion for Rehearing). "The conviction must be final before it can be included in [the pre-trial notice given by the State pursuant to OCGA § 17-10-2 (a)]." *Croker v. Smith*, 225 Ga. 529, 532 (4) (169 SE2d 787) (1969).

The record shows that the State complied with OCGA § 17-10-2 (a) only insofar as it gave pre-trial notice of its reliance upon two of Sears' prior convictions for felonies *other* than OCGA § 16-13-30 (b). See *Taylor v. State*, 186 Ga. App. 113, 114 (3) (366 SE2d 422) (1988). This authorized the imposition of recidivist sentences pursuant to OCGA § 17-10-7 (a), but not the imposition of recidivist life sentences pursuant to OCGA § 16-13-30 (d). *Taylor v. State*, supra at 114 (3). The concurrent 30-year sentences that were imposed upon Sears comply with the applicable mandate of OCGA § 17-10-7 (a) and those sentences are not, therefore, void.

*Judgments affirmed. Judge Arnold Shulman concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in all divisions of the majority opinion except Division 8. Although the sentence meted to defendant was proper, I cannot agree with statements to the effect that a conviction of an offense which offense is subsequent in time to the offense on trial (defendant's first offense), can support a *recidivist* sentence under OCGA § 16-13-30 (d). That subsection mandates a life sentence for "a second . . . offense," not merely a second conviction. See *Beasley v. State*, 202 Ga. App. 349 (414 SE2d 663) (1991), special concurrence.

*State v. Hendrixson*, 251 Ga. 853 (310 SE2d 526) (1984), does not support the majority's view because it involved a defendant whose first conviction was for the first-in-time offenses. When Hendrixson went to trial on the later offenses, she had already been convicted of the first offenses. The sentence imposed after the second conviction was for "the second series of offenses." Id. at 853. Thus the situation discussed by the majority was not at issue in *Hendrixson*. Nor is it at issue here. Yet even the State, in this case, recognizes that "[u]nder the plain meaning of OCGA § 16-13-30 (d), a defendant shall be imprisoned for life upon conviction of a *subsequent violation* of OCGA § 16-13-30 (b). . . ." (Emphasis supplied.)

Just as a defendant cannot be given the life sentence for the second-in-time offense when the conviction of it is simultaneous with the conviction of the first-in-time offense, which is the holding here, so a defendant cannot be given the life sentence for the first-in-time offense when he or she already has a conviction for a later-occurring offense. The life sentence is a recidivist sentence, mandated upon the second conviction, which is for what is a second offense.

DECIDED DECEMBER 2, 1991.

*W. Glenn Thomas, Jr., District Attorney, C. Keith Higgins, Assistant District Attorney*, for appellant.

*Lane & Crowe, Robert L. Crowe*, for appellee.