A91A1848. THE STATE v. SAMPSON.
(417 SE2d 34)

POPE, Judge.

Defendant was indicted on four counts of sale of cocaine, one count of distribution of marijuana, and one count of sale of marijuana. The State gave defendant notice of its intent to seek life imprisonment pursuant to OCGA § 16-13-30 (d) and OCGA § 17-10-2, if defendant was convicted at trial of more than one count of sale of cocaine. At trial defendant was found guilty on all four counts of sale of cocaine and one count of distribution of marijuana. Although the State requested life sentences on the second, third and fourth convictions of sale of cocaine, the trial court entered concurrent six-year

sentences on the convictions. The State contends that the trial court entered a void sentence by failing to impose a life sentence for defendant's second, third and fourth convictions on the multi-count indictment in accordance with OCGA § 16-13-30 (d) requiring that "[u]pon conviction of a second or subsequent offense [of violating OCGA § 16-13-30 (b), a defendant] shall be imprisoned for life."

In *State v. Sears*, 202 Ga. App. 352, 354 (8) (414 SE2d 494) (1991), this court held that in order to apply the mandatory life sentence of OCGA § 16-13-30 (d), a defendant's prior conviction must necessarily have preceded his instant trial for violating OCGA § 16-13-30 (b). "Obviously, neither of [defendant's] *instant* convictions can serve as the predicate for the imposition of a life sentence as to the other[s]. At the time that the State was required to give its *pre-trial* notice so as to comply with OCGA § 17-10-2 (a), [defendant's four] *instant* convictions were neither final nor convictions. 'The position adopted by the (S)tate at the sentencing hearing was that the offenses charged in the indictment for which [defendant] was on trial could be considered in determining his status as a recidivist. . . . (T)his argument . . . was clearly erroneous. (Cits.)' [Cit.] . . . 'The conviction must be final before it can be included in (the pre-trial notice given by the State pursuant to OCGA § 17-10-2 (a)).' [Cit.]" Id. at 355. Thus, the concurrent six-year sentences imposed upon defendant are not void, and the State's appeal must be dismissed.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1992 —
RECONSIDERATION DENIED MARCH 17, 1992 — 

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney,* for appellant.
*Cecilia Toole, Charles R. Sheppard,* for appellee.