## A91A1947. NUNNALLY v. THE STATE.
(417 SE2d 170)

COOPER, Judge.

In a multi-count indictment, appellant was charged with four violations of the Georgia Controlled Substances Act, OCGA § 16-13-30 (b). Prior to trial, the State served notice pursuant to OCGA § 17-10-2 (a) of its intent to seek a mandatory life sentence under OCGA § 16-13-30 (d) in the event that appellant was convicted on a second count of the indictment. Appellant was convicted by a jury on three of the four counts in the indictment and sentenced by the court to ten years on the first count and life imprisonment on the second and third counts. Appellant's sole enumeration of error on appeal is that the trial court erred in sentencing him to a term of life imprisonment pursuant to OCGA § 16-13-30 (d).

OCGA § 16-13-30 (d) provides that "any person who [sells any controlled substance] . . . shall be guilty of a felony. . . . Upon conviction of a second or subsequent offense, he shall be imprisoned for life." Appellant argues that his sentence is void because the prior conviction did not antedate the convictions for which appellant received the life sentences. The State argues that a literal reading of OCGA § 16-13-30 (d) does not indicate that the legislature intended the conviction for the second or subsequent offense to occur after the first conviction. The issue in this case was decided adversely to the State in State v. Sears, 202 Ga. App. 352, 355 (414 SE2d 494) (1991).

In Sears, the defendant was found guilty of two counts of selling controlled substances in violation of OCGA § 16-13-30 (b). The trial court did not impose a life sentence on the second count and the State appealed, contending that a life sentence was mandated by the statute upon the defendant's second conviction. We held that "in order for the imposition of life sentences to be mandatory pursuant to OCGA § 16-13-30 (d), [defendant's] prior conviction need not have preceded his instant violations of OCGA § 16-13-30 (b), but his prior conviction must necessarily have preceded [the defendant's] instant trial for violating OCGA § 16-13-30 (b)." Id. We noted in Sears that neither of the defendant's convictions could be the basis for a life sentence as to the other conviction, since at the time the State was required to give its pre-trial notice, neither of the two convictions was final. Accordingly, we hold that since appellant's conviction on the first count of the instant indictment was not final at the time the State gave its pre-trial notice pursuant to OCGA § 17-10-2 (a), the conviction on the first count could not be the basis for the imposition of a life sentence on either of the remaining counts of the indictment.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

640

DECIDED FEBRUARY 28, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 —

*Charles C. Mayers*, for appellant.

*Michael C. Eubanks, District Attorney, J. Wade Padgett, Richard E. Thomas, Assistant District Attorneys*, for appellee.