## A92A2436. MARTIN v. THE STATE
### (429 SE2d 332)

CARLEY, Presiding Judge.

Appellant was indicted for two counts of selling cocaine. In a second indictment, he was charged with another count of selling cocaine. In yet a third indictment, he was charged with aggravated assault and possession of a firearm during the commission of certain crimes. Appellant entered into plea bargain negotiations as to all the offenses charged in the three indictments. An agreement was reached whereby he would plead guilty to only one of the two counts of selling cocaine charged in the first indictment and to the one count of selling cocaine charged in the second indictment and, as to one of those offenses, would receive the mandatory life sentence specified by OCGA § 16-13-30 (d). In return, the State would drop all the remaining charges against him. A hearing was held wherein the trial court accepted the guilty pleas and, without objection from appellant, imposed a five-year sentence as to one of the offenses of selling cocaine and a life sentence as to the other. Appellant filed a timely notice of appeal and enumerates as error only the trial court's imposition of the life sentence for one of the two offenses.

Appellant's sole contention on appeal is that the instant case is controlled by State v. Sears, 202 Ga. App. 352, 354 (8) (414 SE2d 494) (1991). In Sears, the defendant was brought to trial before a jury on one indictment charging him with two counts of selling controlled substances. He was found guilty of both counts and the trial court imposed concurrent 30-year sentences. On appeal, the State urged that the defendant should have been sentenced to life for one of the offenses. In rejecting the State's contention, we held: "Obviously, neither of Sears' *instant* convictions can serve as the predicate for the imposition of a life sentence as to the other. At the time that the State was required to give its *pre-trial* notice so as to comply with OCGA § 17-10-2 (a), Sears' two *instant* convictions were neither final nor convictions. . . . 'The conviction must be final before it can be included in (the pre-trial notice given by the State pursuant to OCGA § 17-10-2 (a)).' [Cit.]" (Emphasis in original.) State v. Sears, supra at 355 (8). Since appellant's two instant convictions for selling cocaine were neither final nor convictions prior to the hearing wherein his guilty pleas were accepted, he urges that neither can serve as the

predicate for the imposition of a life sentence as to the other.

The holding in *Sears* was based upon the applicability of OCGA § 17-10-2 (a), which provides, in relevant part, "that only such evidence in aggravation as the [S]tate has made known to the defendant *prior to his trial* shall be admissible [at the pre-sentence hearing]." (Emphasis supplied.) Thus, OCGA § 17-10-2 (a) is applicable and the State is bound by its pre-trial notice requirements in cases wherein sentence is to be imposed after a jury trial, a bench trial or probation revocation proceedings for a first offender. See *Edwards v. State*, 260 Ga. 121, 122 (1) (390 SE2d 580) (1990); *Mays v. State*, 262 Ga. 90 (1) (414 SE2d 481) (1992); *State v. Sears*, supra. Obviously, where a trial is held on a multi-count indictment, the State cannot satisfy its pre-trial notice requirement by relying upon any count thereof in aggravation of the punishment for any other count thereof. In the instant case, however, no pre-sentence hearing was held after a trial on a multi-count indictment. The trial court imposed sentences after conducting a guilty plea hearing wherein appellant pled guilty as to two counts on two separate indictments. By its terms, OCGA § 17-10-2 (a) is not made expressly applicable to sentences imposed in the context of guilty plea hearings. Accordingly, appellant's reliance upon *Sears* as controlling authority in the instant case would appear to be misplaced.

However, even assuming the applicability of OCGA § 17-10-2 (a) in the context of guilty plea hearings generally, appellant's sentences were nevertheless imposed pursuant to a plea bargain agreement. Such an "agreement may be considered as a contract. . . ." *State v. Hanson*, 249 Ga. 739, 746 (3) (295 SE2d 297) (1982). Plea bargain negotiations can serve the same purpose as the giving of notice under OCGA § 17-10-2 (a). That statute does not require written notice, only "clear notice." *Graham v. State*, 171 Ga. App. 242, 256 (17) (319 SE2d 484) (1984). When plea bargain negotiations are conducted, the defendant can be given "clear notice" of what the State intends to rely upon in aggravation of sentencing at the guilty plea hearing. In the instant case, appellant clearly knew that, if he accepted the State's offer and pled guilty to the two offenses, the State intended to seek imposition of the mandatory life sentence for one of those offenses. Appellant also knew that, if he rejected the State's offer, he could then be tried separately on the three indictments, in which case, he faced the possibility of not only a life sentence for one of the three counts of selling cocaine, but also the possibility of enhanced sentences for all the other offenses as well. He elected to accept the State's offer and a contract was thereby created.

Despite his agreement with the State, appellant apparently urges that, immediately after he had pled guilty to the first of the two offenses, the State was nevertheless then required to *renotify* him that

his now final conviction as to that offense would serve as the predicate for a life sentence on the second offense to which he was about to plead guilty. However, the giving of such formal renotification immediately prior to the guilty plea on the second offense would obviously be superfluous, since there was no "defect" in the predicate offense to which appellant had only just moments before pled guilty with the assistance of counsel. See *Herring v. State*, 238 Ga. 288, 290 (4) (232 SE2d 826) (1977). Moreover, at that point, it was not merely the State's intent to seek a life sentence as to the second offense. It was also appellant's intent to receive such a life sentence, as evidenced by his prior acceptance of the State's offer and failure to object when the trial court pronounced a life sentence. OCGA § 17-10-2 (a) requires prior notification of the conviction or convictions upon which the State will subsequently rely for enhanced punishment. It does not require subsequent renotification of the conviction or convictions for which the defendant has already contracted to receive enhanced punishment.

Appellant agreed to enter, at one hearing, a guilty plea as to both the predicate offense and the offense for which a life sentence would be mandated under OCGA § 16-13-30 (d). The State, in turn, agreed to dismiss all other charges pending against appellant on the three indictments. "The parties made a bargain. There is no evidence in the record that [the State] failed to live up to [its] part of the bargain." *State v. Hanson*, supra at 746 (3). Having accepted the benefit of the bargain with the State and secured the dismissal of all other charges pending against him on the three indictments, it is appellant who now seeks to avoid living up to his part of the bargain. This he cannot do. " '[P]ublic policy and the great ends of justice . . . require that the arrangement between the public prosecutor and the (defendant) be carried out[.]' " *State v. Hanson*, supra at 745 (3).

*Judgments affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 16, 1993.

*Peter D. Johnson*, for appellant.
*Michael C. Eubanks, District Attorney, Richard E. Thomas, J. Wade Padgett, Assistant District Attorneys*, for appellee.

