36614. STATE OF GEORGIA v. CAUSEY.
36615. STATE OF GEORGIA v. DISHEROON.

MARSHALL, Justice.

"If any father or mother shall wilfully and voluntarily abandon his or her child, either legitimate or illegitimate, leaving it in a dependent condition, he or she, as the case may be, shall be guilty of a misdemeanor . . ." Code Ann. § 74-9902 (a) (Ga. L. 1866, p. 151, superseded by Ga. L. 1980, pp. 1374, 1378).[1]

Case No. 36614 is a misdemeanor prosecution against the father for abandonment of an illegitimate child. Case No. 36615 is a

---

[1]Code Ann. § 74-9902 is much more extensive than the quoted excerpt. Paragraph (a) provides not only for misdemeanor and felony prosecutions against fathers or mothers for abandonment of either legitimate or illegitimate children, it also provides that the wife and husband shall be competent witnesses in such cases to testify against each other, and it further provides that former acquittal or conviction of the offense of child abandonment shall not be a bar to a further prosecution under certain circumstances. Paragraph (b) provides that "any person, upon conviction of the third offense for violating the provisions of this section, shall be guilty of a felony . . ." Paragraph (c) provides that if any person charged with child abandonment is

misdemeanor prosecution against the father for abandonment of two legitimate children by failing to pay child support pursuant to a court order. The accusation in each case was filed in January of 1979.

In both cases, demurrers to the accusations were filed on the ground that Code Ann. § 74-9902, and the related statutes[2] under which these prosecutions were brought, are gender discriminatory and, therefore, deny the fathers equal protection under Orr v. Orr, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979).

In Case No. 36614, it was also alleged that there has been a selective enforcement of abandonment cases against illegitimate fathers, thereby resulting in another denial of equal protection.[3] Yick Wo v. Hopkins, 118 U. S. 356 (6 SC 1064, 30 LE 220) (1885). The court agreed with the foregoing arguments and entered orders quashing the accusations. The state appeals. We reverse.

1. In *Hudgins v. State,* 243 Ga. 798 (256 SE2d 899) (1979), it was held that § 74-9902 and related statutes are constitutional insofar as

---

acquitted by reason of the fact that such person is not the father or mother of the allegedly abandoned child, such person cannot thereafter again be tried for the offense of abandoning the child. Paragraph (d) provides that a father convicted of abandoning an illegitimate child shall be required by the court to pay the reasonable medical expenses paid by or incurred on behalf of the mother due to the birth of the child. See *Perini v. State,* 245 Ga. 160 (1) (264 SE2d 172) (1980). Paragraph (e) provides that the accused father and mother of the illegitimate child may enter into a written agreement providing for the support of the child by payments to the mother. Paragraph (f) provides that upon the trial of the accused father, it shall be no defense that he has never supported the child. Paragraph (g) provides for venue in child abandonment cases. Paragraph (h) (1) and (2) provide for paternity blood tests in cases in which the question of parentage arises. Only paragraphs (h) (1) and (2) were altered by the 1980 reenactment of § 74-9902.

[2]The related statutes are Code Ann. §§ 74-105 and 74-202.

Prior Code Ann. § 74-105 provided that until majority, it would be the duty of the father to provide for the maintenance, protection, and education of his child. Section 74-105 was amended by Ga. L. 1979, pp. 466, 492, to provide: "Until majority, it is the joint and several duty of each parent to provide for the maintenance, protection, and education of the child, except to the extent that the duty of one parent is otherwise or further defined by court order."

Prior Code Ann. § 74-202 provided that the father of an illegitimate child would be bound to maintain him until the child reached the age of 18, married, or became self-supporting, with the superior court having the power, upon petition of the father, to require the mother of an illegitimate child to contribute to the child's support. Section 74-202 was amended by Ga. L. 1979, pp. 466, 494, to provide, "Until majority, it is the joint and several duty of each parent of an illegitimate child to provide for the maintenance, protection, and education of the child, except to the extent that the duty of one parent is otherwise or further defined by court order."

[3]It is also alleged by the appellee in Case No. 36614 that paragraphs (d), (e), and (f), of Code Ann. § 74-9902 discriminate against illegitimate fathers and are, therefore,

they relate to prosecutions for abandonment of illegitimate children. "The statutory scheme relating to illegitimate children and remedies available to the state at the time of this offense (Code Chapters 74-1; 74-2; 74-3 and §§ 74-9901 and 74-9902) require support from both parents and both are subject to criminal prosecution." *Hudgins v. State,* supra, (1).

Likewise, the statutory scheme relating to legitimate children renders both parents subject to criminal prosecution. Therefore, we hold that the statutory scheme is constitutional as related to both legitimate and illegitimate children.

2. The argument that discriminatory enforcement of a state penal statute results in a denial of equal protection barring the prosecution of the party discriminated against has its origin in Yick Wo v. Hopkins, supra. Yick Wo involved a prosecution for violation of a municipal ordinance requiring a permit for the maintenance of a laundry in a building not made of brick or stone. There is a division of authority on the question of whether the rationale of Yick Wo is applicable to cases involving prosecutions for state penal offenses. See 95 ALR3d 280, Anno., What Constitutes Such Discriminatory Prosecution or Enforcement of Laws as to Provide Valid Defense in State Criminal Proceedings. In Georgia, it has been held that the fact that, "[o]ther persons or classes of persons may have violated the law without being prosecuted therefor is no excuse for a violation by the defendant." *Cone v. State,* 184 Ga. 316, 324 (191 SE 250) (1937).

Even in jurisdictions which hold that a claim of discriminatory enforcement of a state penal statute is a valid defense to a criminal charge, in order to establish such a claim it is insufficient merely to show that other offenders have not been prosecuted. Moss v. Horning, 314 F2d 89 (2d Cir. 1963). The party seeking to prove unconstitutionally discriminatory enforcement of the law under Yick Wo has the burden of presenting sufficient evidence to establish the existence of intentional or purposeful discrimination which is deliberately based upon an unjustifiable standard, such as race, religion, or other arbitrary classifications. Oyler v. Boles, 368 U. S. 448 (82 SC 501, 7 LE2d 446) (1962). Although there was testimony at the hearing below that a prosecution for child abandonment has not been brought against an illegitimate mother in the State Court of Cobb County within either the solicitor's or the trial judge's memory, the solicitor testified that no illegitimate mothers had been

---

unconstitutional under Orr v. Orr. However, none of these paragraphs of the statute is applicable here. Therefore, the constitutionality or unconstitutionality of these provisions of the statute has no bearing on the outcome of this case.

prosecuted during his term in office because no warrants have been sworn out against them.[4] This testimony, which is uncontradicted, belies the assertion that there has been intentionally discriminatory enforcement of § 74-9902 against illegitimate fathers during this time period.

*Judgments reversed. All the Justices concur.*

36614, SUBMITTED SEPTEMBER 10, 1980; 36615, SUBMITTED AUGUST 29, 1980 — DECIDED NOVEMBER 5, 1980 — REHEARINGS DENIED NOVEMBER 25, 1980.

*Herbert A. Rivers, Solicitor, Charles C. Clay, Assistant Solicitor,* for appellant.

*A. Harris Adams,* for appellee (case no. 36614).

*G. Roger Land, Janet F. Perlman,* for appellee (case no. 36615).

---

[4]It does appear, however, that a warrant for child abandonment was sworn out against an illegitimate mother in the State Court of Cobb County subsequent to the filing of this appeal.