44688, 44792. THE STATE v. TERRY; and vice versa.
(360 SE2d 588)

MARSHALL, Chief Justice.

Michael Devern Terry was indicted on December 5, 1986, in a single, six-count indictment, charging him with a series of six murders, the offenses allegedly having occurred on December 6 and 14, 1985; and March 20, April 6, September 13 and October 20 of 1986. The defendant was arraigned on December 23, 1986. The state gave no notice of intent to seek the death penalty. Deadlines for motions to be filed were established and the case was set for trial for January 20, 1987. Subsequently, the defendant's motion for severance was granted, and the case proceeded to trial on Counts 1 and 2, the murders allegedly committed in 1985. The defendant was convicted on those two counts and given two life sentences.

The state announced its intention to proceed to trial next on Count 5 of the indictment, the alleged murder of one George Willingham on September 13, 1986, and gave notice of intent to seek the death penalty based on the statutory aggravating circumstances of OCGA § 17-10-30 (b) (1) ("The offense of murder . . . was committed by a person with a prior record of conviction for a capital felony") and OCGA § 17-10-30 (b) (7) ("The offense of murder . . . was outrageously or wantonly vile, horrible, or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim").

The defendant filed a "motion to prohibit the state from seeking the death penalty," which the trial court treated as a plea or motion in bar, and granted to the extent that the state was precluded from seeking the death penalty based upon the defendant's "prior record of conviction" of Counts 1 and 2. The state, pursuant to OCGA § 5-7-1 (3), filed a direct appeal from the order partially granting the plea or motion in bar. This court granted Terry's application for interlocutory appeal from the same order.

1. In *Stephens v. Hopper,* 241 Ga. 596 (4) (247 SE2d 92) (1978),

cert. den., 439 U. S. 991 — with Justice Hill concurring in the judgment only and Justice Marshall dissenting — this court construed the phrase "committed by a person with a prior record of conviction" in OCGA § 17-10-30 (b) (1) so as to allow the jury's consideration, in sentencing the defendant, of a murder conviction which had been obtained subsequent to the time the defendant committed the murder for which he was being sentenced. We have continued to follow *Stephens* by holding that, at issue for sentencing purposes is the status of the defendant at the time of sentencing, not his status at the moment he committed the crimes for which he was tried. See *Childs v. State*, 257 Ga. 243 (24a) (357 SE2d 48) (1987); *State v. Hendrixson*, 251 Ga. 853, 855 (310 SE2d 526) (1984); *Gates v. State*, 244 Ga. 587, 595 (4) (261 SE2d 349) (1979); *Cobb v. State*, 244 Ga. 344, 354 (20b) (260 SE2d 60) (1979).

Accordingly, the trial court erred in granting Terry's plea or motion in bar insofar as it precluded the state from seeking the death penalty based upon his "prior record of conviction" of Counts 1 and 2.

2. Nor is the state barred from seeking the death penalty by the prosecutor's untimely death-penalty notice. "[A]lthough Rule II (A) (1) of the Unified Appeal Procedure [252 Ga. A-16] requires the prosecutor to announce prior to arraignment whether or not he intends to seek the death penalty, nothing in the Unified Appeal Procedure forbids a re-arraignment to cure the failure to begin following the Unified Appeal Procedure prior to the original arraignment. Cf. *Welch v. State*, 254 Ga. 603 (7) (331 SE2d 573) (1985)." *Cook v. State*, 255 Ga. 565, 577 (14) (340 SE2d 891) (1986).

Accordingly, we affirm the denial of Terry's plea or motion in bar insofar as it would have precluded the state from seeking the death penalty based on OCGA § 17-10-30 (b) (7), and we direct that the appellant be provided further arraignment after such time as is reasonably necessary in order to begin following the Unified Appeal Procedure within its time frame, i.e., "[a]t the earliest possible opportunity after indictment and before arraignment." Rule II (A).

*Judgment reversed in Case No. 44688. Judgment affirmed in Case No. 44792. All the Justices concur.*

DECIDED OCTOBER 7, 1987.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John M. Turner, Jr., Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellant.

*L. David Wolfe,* for appellee.