45615. GRANT v. THE STATE.
(368 SE2d 737)

WELTNER, Justice.

In 1985 James E. Grant, Jr. entered guilty pleas to two counts of violations of OCGA § 16-13-30, which prohibits the sale of cocaine. He was sentenced to serve three years in prison. In 1987, after his release from prison, he sold cocaine to an undercover police agent. He was indicted, tried by a jury, and found guilty. Under the mandatory sentencing provision of OCGA § 16-13-30 (d), he was sentenced to life in prison.[1]

Grant contends that the evidence does not support the verdict and that OCGA § 16-13-30 (d), which mandates a sentence of life imprisonment upon a second conviction for selling cocaine, is unconstitutional in that it violates both the Fourteenth and the Eighth Amendments to the Constitution of the United States.

1. From the evidence in this case a rational trier of fact could have found Grant guilty beyond a reasonable doubt of the crime for

---

[1] The crime was committed on February 2, 1987, and Grant was indicted on April 13, 1987. He was tried and found guilty on May 19, 1987. He was sentenced on May 22, 1987. His motion for new trial, was filed on May 26, 1987. The trial transcript was certified by the court reporter on July 13, 1987, and the motion for new trial was denied on September 21, 1987. The notice of appeal was filed on October 5, 1987. By error this appeal was docketed in the Court of Appeals on October 13, 1987, and was transferred to this court on March 18, 1988. The appeal was submitted without oral argument on May 9, 1988.

which he was tried, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In *Rummel v. Estelle*, 445 U. S. 263, 284-285, (100 SC 1133, 63 LE2d 382) (1980), a twice-convicted felon who was convicted a third time for stealing $120.75 was sentenced to life imprisonment under the Texas recidivist statute. On appeal, the United States Supreme Court held:

> The purpose of a recidivist statute such as that involved here is not to simplify the task of prosecutors, judges, or juries. Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes. Like the line dividing felony theft from petty larceny, the point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction. We therefore hold that the mandatory life sentence imposed upon this petitioner does not constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments.

There was no constitutional violation.
*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 9, 1988.

*John W. Davis,* for appellant.
*Glenn Thomas, Jr., District Attorney, Richard H. Taylor, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.