## S90A1533. TILLMAN v. THE STATE.
(400 SE2d 632)

BENHAM, Justice.

Appellant was convicted of possession of cocaine with intent to distribute and sentenced to life imprisonment, this being his second conviction for the offense. See OCGA § 16-13-30 (d). Appellant's conviction was based on the testimony of the undercover agent who saw appellant purchase $300 worth of "crack" cocaine, and who then received from appellant a .3 gram "rock" as payment for the transportation he had provided appellant.

Appellant contends that OCGA § 16-13-30 (d) violates his constitutionally protected right to due process of law because the statutory sentencing scheme is irrational: the mandatory life sentence prescribed for the second conviction for possession of a small amount of cocaine is greater than the 30-year maximum sentence for a conviction for trafficking in cocaine, which involves greater amounts of contraband. See OCGA § 16-13-31 (a), (f).

> Courts should not substitute their judgments as to the appropriateness of criminal penalties for those lawfully expressed by the General Assembly. It is only when criminal sanctions fail constitutional standards that the judiciary may concern itself with the substance of the sanctions. Among those standards is the requirement that sentencing schemes be rational. [Cit.] [*Means v. State,* 255 Ga. 537 (1) (340 SE2d 612) (1986).]

Appellant was convicted of possession of cocaine with intent to distribute. The analogous portion of the trafficking statute proscribes possession of 28 grams of cocaine or a mixture containing at least 10% cocaine. The Controlled Substances Act does not contain an express legislative intent that possession of cocaine in a sufficient quantity to constitute trafficking is a more serious offense and should be punished more severely than possession of a small amount of cocaine

with intent to distribute. Cf. *Thompson v. State*, 254 Ga. 393 (1) (330 SE2d 348) (1985). The General Assembly may have perceived behavior such as appellant's, repeatedly possessing cocaine with the intent to place it in the stream of commerce, as a greater threat to the public health, safety and welfare than the mere possession of cocaine, albeit in a greater amount. Inasmuch as there is a rational basis for the sentencing scheme set up by the legislative branch, the mandatory life imprisonment sentence found in OCGA § 16-13-30 (d) does not unconstitutionally deprive appellant of due process of law.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1991.

*Altman, Lane & Lilly, Harry J. Altman II, V. Gail Lane,* for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.