A91A1037. RUCKS v. THE STATE.
(410 SE2d 206)

COOPER, Judge.

Appellant, pro se, appeals his conviction of the sale of cocaine under OCGA § 16-13-30 and sentence of life imprisonment.

1. In enumerations of error one, two, three, six and seven, appellant attacks the recidivist portion of OCGA § 16-13-30 (d) on constitutional grounds of denial of due process and equal protection. However, the basis for his challenge, that the statute unlawfully gives the prosecutor unbridled discretion to determine whether to invoke its provisions, has previously been considered and determined adversely to his position. "Prosecutorial discretion in this situation is no different from prosecutorial discretion in any other. Given any set of facts, prosecutors must exercise discretion as to what the criminal charge will be. . . . Therefore, since prosecutorial discretion comes into play under every criminal statute, it is not, of itself, grounds for striking a given statute down as unconstitutional. [Cit.]" *Knight v. State*, 243 Ga. 770 (1) (257 SE2d 182) (1979).

Further, "[t]he United States Supreme Court in *Oyler v. Bowles*, 368 U. S. 448 (82 SC 501, 7 LE2d 446) (1962) held that even the conscious exercise of some selectivity in enforcement of a recidivist statute was not a constitutional violation provided the selection was not 'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' [Cits.]" Id. at 772. Applying the same principle, the Georgia Supreme Court has held that "[t]he party

seeking to prove unconstitutionally discriminatory enforcement of the law . . . has the burden of presenting sufficient evidence to establish the existence of intentional or purposeful discrimination which is deliberately based upon [such] an unjustifiable standard, such as race, religion, or other arbitrary classifications. [Cit.]" *State of Ga. v. Causey*, 246 Ga. 735, 737 (2) (273 SE2d 6) (1980). Appellant, relying on a newspaper article, claims that he is among a small number of individuals with previous drug convictions who has been prosecuted under OCGA § 16-13-30 (d) since its passage, while many others have had multiple convictions and have not been convicted likewise under the statute. "Under the rule of *Causey*, the fact that only one person is prosecuted for doing what many others do is no warrant, in itself, for relief." *State v. Agan*, 259 Ga. 541, 548 (6) (384 SE2d 863) (1989). As there is no evidence of record that OCGA § 16-13-30 (d) was selectively enforced against appellant or any particular group of which he is a member, he has failed to prove his contention that the statute was selectively enforced. *Ray v. State*, 259 Ga. 868, 869 (2) (389 SE2d 326) (1990).

Appellant's contention that the recidivist provision is invalid because it imposes a mandatory life sentence has also been rejected. "[I]t is within the power of the legislature to direct the punishment to be prescribed for second offenders and to leave no discretion to the trial judge." *Knight*, supra at 771. Nor are mandatory life sentences unconstitutional. See *Rummel v. Estelle*, 445 U. S. 263 (100 SC 1133, 63 LE2d 382) (1980).

Likewise, appellant's position that the life sentence mandated by the statute for second convictions of OCGA § 16-13-30 (b) is disproportionate to the punishment for other drug activities, and in particular those for all other second time felony offenders, cannot prevail. "The legislature has a wide discretion in the exercise of its police power in setting classifications and penalties. [Cit.] Such laws will not be held invalid if there is any basis upon which the law is aimed at a legitimate state interest. [Cits.]" *Hargrove v. State*, 253 Ga. 450, 453 (3) (321 SE2d 104) (1984). " 'Courts should not substitute their judgments as to the appropriateness of criminal penalties for those lawfully expressed by the General Assembly. It is only when criminal sanctions fail constitutional standards that the judiciary may concern itself with the substance of the sanctions. Among those standards is the requirement that sentencing schemes be rational. (Cit.)' [Cit.]" *Tillman v. State*, 260 Ga. 801 (400 SE2d 632) (1991).

There is absolutely no question that the drug problem is pervasive and insidious, and the havoc drug usage and its attendant ills have wreaked upon the citizens of this state vindicate the legislature in imposing more severe sanctions for repeated violations of the sale of cocaine. "Inasmuch as there is a rational basis for the sentencing

scheme set up by the legislative branch, the mandatory life imprisonment sentence found in OCGA § 16-13-30 (d) does not unconstitutionally deprive appellant of due process of law." Id. at 802. *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991), a three-judge majority decision which appellant cites for the premise that the 1983 Georgia Constitution affords additional due process protection beyond the Federal Constitution, does not require a different result. "The protection of the Georgia Constitution of 1983, Art. I, Sec. I, Par. II, and the Equal Protection Clause of the federal constitution have been held to be coextensive. [Cit.]" *Ambles v. State*, 259 Ga. 406, 407 (2) (383 SE2d 555) (1989).

2. Appellant's argument that the sentence of life imprisonment imposed pursuant to OCGA § 16-13-30 (d) violated the Eighth Amendment prohibition against cruel and unusual punishment has also been repudiated. Quoting *Rummel v. Estelle,* supra at 284-285, our Supreme Court stated, "the point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction. We therefore hold that the mandatory life sentence imposed upon this petitioner does not constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments." *Grant v. State*, 258 Ga. 299, 300 (2) (368 SE2d 737) (1988). Thus there was no constitutional violation on this ground.

3. Appellant complains that he was erroneously indicted and sentenced under OCGA § 16-13-30 (d) for his first, rather than his second, offense. The prior conviction was based upon an offense which occurred on November 14, 1988, subsequent in time to the instant offense (January 12, 1988); however, a judgment of conviction on the November offense was entered prior to disposition of the instant case. While the statute provides for life imprisonment " '[u]pon conviction of a second or subsequent offense,' " it has been held that there is "no statutory prerequisite as to a conviction which *antedates* the offense for which the accused is sentenced." *State v. Hendrixson*, 251 Ga. 853, 854 (310 SE2d 526) (1984). It follows that where there are two convictions, there is no basis for reversal.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1991.

Douglas Rucks, *pro se.*
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.