### S91A0781. ISOM v. THE STATE.
(408 SE2d 701)

CLARKE, Chief Justice.

This is an appeal from a second conviction for selling cocaine. Appellant challenges the constitutionality of OCGA § 16-13-30 (d), which provides a mandatory life sentence. He also raises several other enumerations of error. We find no error and affirm.

On July 14, 1989, Ricky John Isom was approached by three undercover narcotics agents who were riding in a pick-up truck. One of the officers asked Isom, "Have you got a twenty?" Isom approached the truck and stuck his hand through the window with a plastic bag containing .3 grams of cocaine. One officer held out a 20 dollar bill. The officer snatched the cocaine while another officer grabbed Isom. Isom was convicted of selling cocaine. Because it was his second offense, Isom received a life sentence pursuant to OCGA § 16-13-30 (d).

1. Appellant contends that OCGA § 16-13-30 (d) violates the equal protection and due process guarantees of the Georgia and United States constitutions because it (a) provides a disproportionate sentence; (b) deprives the defendant of consideration of mitigating factors or rehabilitation possibility; (c) gives the district attorney unfettered discretion in deciding whether to invoke the recidivist provi-

sion; (d) takes away all discretion from the sentencing judge.

Traditionally, it is the task of the legislature, not the courts, to define crimes and set the range of sentences. *Knight v. State*, 243 Ga. 770 (257 SE2d 182) (1979); *Rummell v. Estelle*, 445 U. S. 263 (100 SC 1133, 63 LE2d 382) (1980). The legislature's choice of sentence is insulated from judicial review unless it is wholly irrational or so grossly disproportionate to the severity of the crime that it constitutes cruel and unusual punishment. *Harmelin v. Michigan*, 501 U. S. ___ (111 SC 2680, 115 LE2d 836) (1991) (Kennedy, J., plurality opinion); *United States v. Grinnell*, 915 F2d 667 (11th Cir. 1990). Appellant's argument that his sentence is grossly disproportionate to the severity of the crime was rejected by this court in *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991); *Grant v. State*, 258 Ga. 299 (368 SE2d 737) (1988). The statute does not violate state or federal constitutional guarantees against cruel and unusual punishment. Id.

We further conclude that the statute does not violate the equal protection or due process guarantees of the Georgia and federal constitutions for any of the reasons proffered by appellant. Mandatory sentencing provisions have been universally upheld against due process and equal protection challenges. *Knight v. State*, 243 Ga. 770 (257 SE2d 182) (1979). Due process does not require individualized sentencing. *United States v. Hamblin*, 911 F2d 551 (11th Cir. 1990); *United States v. Goodface*, 835 F2d 1233 (8th Cir. 1987); *Woodson v. North Carolina*, 428 U. S. 280 (96 SC 2978, 49 LE2d 944) (1976). It is well settled that a legislature may constitutionally limit judicial discretion in sentencing or bestow on prosecutors the power to choose which statute to use as a basis for prosecution. *Knight*, supra; *United States v. Batchelder*, 442 U. S. 114 (99 SC 2198, 60 LE2d 755) (1979). Even if a prosecutor exercises some degree of selectivity in enforcing a recidivist statute, there is no constitutional violation unless the selectivity is based on some impermissible classification. *Knight*, supra.

> Where a criminal statute does not discriminate on racial grounds or against a suspect class, equal protection and due process concerns are satisfied if the statute bears a "reasonable relation to a proper legislative purpose" and is "neither arbitrary nor discriminatory." *Fleming v. Zant*, 259 Ga. 687, 688 (386 SE2d 339) (1989); *United States v. Holmes,* 838 F2d 1175, 1177 (11th Cir. 1988), *quoting Nebbia v. New York,* 291 U. S. 502, 537 (54 SC 505, 78 LE 940) (1934).

Appellant does not assert that the mandatory sentence statute was selectively enforced against him for some discriminatory or improper reason. Further, his arguments that the statute is wholly irrational and arbitrary were rejected by this court in *Tillman v. State*,

260 Ga. 801 (400 SE2d 632) (1991).

2. Appellant next argues that the jury was impaneled in violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The prosecutor struck the only black prospective juror from the panel, giving as his reasons that the juror had been over two hours late for jury service and that she was young and therefore more likely to have been exposed to drugs. The trial court found no systematic exclusion of blacks in this case and found the prosecutor's reasons for striking the juror to be racially neutral. The trial court's determination that the State's use of peremptory challenges was not purposefully discriminatory is entitled great deference. *Stripling v. State*, 261 Ga. 1 (401 SE2d 500) (1991). Having reviewed the circumstances of this case, we cannot say that the trial judge's determination was clearly erroneous.

3. Appellant next argues that evidence of a previous cocaine sale should not have been admitted because it was not relevant to any issue. We disagree. The two transactions were almost identical. The evidence was relevant to defendant's intent and modus operandi and was properly admitted.

4. The evidence adduced at trial, when viewed in a light most favorable to the verdict, would authorize a rational trier of fact to find the defendant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. We have reviewed appellant's other enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur, except Hunt and Fletcher, JJ., who concur in the judgment only.*

DECIDED SEPTEMBER 26, 1991 —
RECONSIDERATION DENIED OCTOBER 18, 1991.

*Darryl B. Cohen & Associates, Marsha L. Sutherland,* for appellant.

*Thomas J. Charron, District Attorney, W. Thomas Weathers III, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.