## S91A1198. WALKER v. THE STATE.
(410 SE2d 422)

FLETCHER, Justice.

Upson County deputies executed a search warrant at appellant's trailer and discovered a set of postal scales on the steps of the trailer and six bags of marijuana lying in the grass approximately six feet from where appellant had been standing when the deputies arrived. In November of 1988, appellant was indicted for possession of marijuana with intent to distribute and he was convicted of that offense on September 11, 1990. Appellant appeals from the conviction and we affirm.[1]

1. In his first enumeration of error, appellant contends that OCGA § 16-13-30 (j) (1) is vague and uncertain in violation of the due

---

[1] This case was transferred by the Court of Appeals and is presently before this court only because appellant calls into question the constitutionality of OCGA § 16-13-30 (j) (1).

process clauses of both the United States and the Georgia constitutions.[2] We disagree. The conduct prohibited by the subsection is sufficiently definite to provide "a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute." *Mixon v. State*, 226 Ga. 869, 870 (178 SE2d 189) (1970).

2. We have reviewed all of appellant's remaining enumerations of error. We hold that the evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); that there was no constitutional deprivation; and that there was no error in the trial court that warrants reversal or a new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 4, 1991.

*Richard T. Bridges,* for appellant.
*W. Fletcher Sams, District Attorney,* for appellee.

---

[2] As appellant was indicted prior to the 1990 amendment to OCGA § 16-13-30 (j) (1), the subsection at issue provided:

It is unlawful for any person to possess, have under his control, manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute marijuana.