## A91A1720. MOSLEY v. THE STATE.
### (416 SE2d 736)

Pope, Judge.

Appellant/defendant J. W. Mosley appeals from his conviction for selling cocaine. Construing the evidence in the light most favorable to support the jury's verdict, the evidence shows that an undercover drug agent approached defendant and sought to purchase $20 worth of cocaine. The defendant walked behind a building and soon returned and told the agent "he . . . [did not] have a twenty but he had a fifty." The agent told him that he would take it. Defendant again went behind a building and emerged with a chunk of crack cocaine, which he sold to the agent for $50.

1. Defendant urges us to find that the trial court erred in admitting evidence concerning a prior similar transaction. "Evidence of similar crimes is admissible [when] its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact. However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged." (Citations, emphasis and punctuation omitted.) Hall v. State, 198 Ga. App. 434 (1) (401 SE2d 623) (1991). The similar transaction evidence complained of involved the defendant's conviction for the sale of cocaine to an undercover drug agent. That evidence meets the two conditions for the admittance of similar transaction evidence.

2. The defendant also raises a Batson challenge to the jury selection process in this case. Defendant is black. Two black jurors were chosen for the defendant's jury panel; one of the two served as an alternate. In Aldridge v. State, 258 Ga. 75 (4) (365 SE2d 111) (1988), the Georgia Supreme Court held "the defendant in Batson type cases has the burden to complete the record with information revealing the racial composition of the panel from which the jury was selected, the racial breakdown of the strikes of both parties, and the racial composition of the resulting jury." Id. at 77.

The record before us is not sufficient to determine if defendant has made a prima facie showing of *Batson* error. Moreover, and pretermitting the question of whether the defendant has presented a prima facie case, the record supports the trial court's findings that the State used its peremptory challenges to remove jurors for legitimate, racially-neutral reasons. *Lee v. State*, 258 Ga. 481 (2) (371 SE2d 389) (1988). The prosecutor used all ten of his strikes, seven to strike black potential jurors and three to strike white potential jurors. The trial court asked the prosecutor to articulate racially neutral reasons for his strikes, a procedure approved by the Georgia Supreme Court in *Williams v. State*, 258 Ga. 80, 81, n. 2 (365 SE2d 408) (1988). As he was stating the reasons he struck certain jurors the prosecutor identified two of the people struck as white males. With regard to the other jurors, the prosecutor articulated such racially neutral reasons as jurors stating that they knew the defendant or that a member of their family had a problem with crack cocaine. There was only one juror that the prosecutor did not offer a reason for why he was struck. The record does not reflect and the defendant has made no showing of the race of that potential juror. Accordingly, we find this enumeration of error to be without merit. See *Hayes v. State*, 261 Ga. 439, 441-442 (1) (405 SE2d 660) (1991).

3. Defendant argues that the trial court erred in allowing testimony that defendant's photograph was among those kept by the local police as known drug dealers. The record reveals that this testimony was first elicited by defendant's counsel during cross-examination of the undercover agent to whom the defendant allegedly sold drugs. The defendant did not object to that testimony. "A party cannot complain of error that his own conduct aided in causing. [Cit.]" *Jones v. State*, 198 Ga. App. 881, 883 (403 SE2d 867) (1991).

4. Defendant contends that the trial judge erred in concluding it had no discretion to probate, suspend or defer a portion of the mandatory life sentence imposed on defendant in this case. OCGA § 16-13-30 (b) makes it "unlawful for any person to manufacture, deliver, distribute, dispense, administer, *sell,* or possess with intent to distribute any controlled substance." (Emphasis supplied.) OCGA § 16-13-30 (d) further provides "any person who violates subsection (b) of this Code section with respect to a controlled substance in Schedule I or a narcotic drug in Schedule II shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 30 years. *Upon conviction of a second or subsequent offense, he shall be imprisoned for life.*" (Emphasis supplied.)

Defendant concedes that OCGA § 16-13-30 (d) makes a life sentence mandatory when a person has twice been convicted of selling cocaine, like defendant. Defendant further argues, however, that the

statute does not contain language that limits the trial judge's ability to suspend, probate or defer a part of the sentence, and therefore the trial court erroneously concluded that it could not alter defendant's sentence. As the State correctly asserts, this statute must be read with OCGA § 17-10-1, which generally allows trial judges to suspend or probate sentences. That statute does not apply to sentences for conviction of certain crimes in which the legislature has dictated that life imprisonment must be imposed. Thus, the trial court correctly held that it lacked discretion to suspend, probate or defer a portion of defendant's life sentence. Compare *State v. Baldwin,* 167 Ga. App. 737 (4) (307 SE2d 679) (1983) with *Knight v. State,* 243 Ga. 770 (2) (257 SE2d 182) (1979).

5. Defendant argues that the mandatory sentencing requirement of OCGA § 16-13-30 (d) is so unreasonable, arbitrary and capricious as to be violative of the due process clause of the United States Constitution. The Georgia Supreme Court has twice upheld this statute against similar constitutional challenges. *Tillman v. State,* 260 Ga. 801 (400 SE2d 632) (1991); *Grant v. State,* 258 Ga. 299 (2) (368 SE2d 737) (1988).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 15, 1992 —
RECONSIDERATION DENIED MARCH 10, 1992 —

*Edwards & Middleton, Brenda C. Youmas,* for appellant.
*Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney,* for appellee.