A92A0792. MARTIN v. THE STATE.
(422 SE2d 6)

McMurray, Presiding Judge.

Defendant was convicted of possession of cocaine with intent to distribute and sentenced to life in prison pursuant to OCGA § 16-13-30 (d). Defendant was not given the possibility of parole because of his status as a repeat offender under OCGA § 17-10-7 (b). This appeal followed the denial of defendant's motion for new trial. *Held:*

1. Defendant contends the trial court erred in sentencing him without the possibility of parole under OCGA § 17-10-7 (b). This enumeration presents nothing for review as "defendant lacks standing to contest the statute until such time as he claims a right of parole and the statute is asserted against him as a bar. *Green v. State,* 244 Ga. 755 (262 SE2d 68)." *Yearby v. State,* 195 Ga. App. 757 (1) (395 SE2d 29).

2. Defendant contends the trial court erred in sentencing him as a repeat offender under OCGA § 17-10-7 (b), arguing the State did not give fair notice of its intention to use prior convictions in aggravation of punishment. This contention is without merit. Defendant was served more than a week before trial with notice of the State's intention to use six prior felony convictions in aggravation of punishment pursuant to OCGA § 17-10-7 (b). *Anderson v. State,* 199 Ga. App. 559, 560 (3) (405 SE2d 558).

3. Defendant contends the mandatory life sentence requirement of OCGA § 16-13-30 (d) violates the constitutional prohibition against cruel and unusual punishment. This contention is without merit for

the reasons stated in *Rucks v. State*, 201 Ga. App. 142, 144 (2) (410 SE2d 206).

4. Defendant contends OCGA § 16-13-30 (b) violates the due process clause of the state and federal constitutions, arguing that the statute is vague and overly broad. However, defendant fails to show that this constitutional challenge was raised in the trial court. Consequently, this enumeration presents nothing for review. *Mack v. State*, 224 Ga. 352 (161 SE2d 874).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JULY 7, 1992 —
RECONSIDERATION DENIED JULY 27, 1992 — 

*Hallman & Associates, D. Jay Stewart*, for appellant.
*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.