S92A0548. HALL v. THE STATE.
(422 SE2d 533)

CLARKE, Chief Justice.

Hall was convicted of possession with intent to distribute 2.2 grams of cocaine and sentenced to life imprisonment under the mandatory sentencing provision of OCGA § 16-13-30 (d), as this was a second conviction.[1] On appeal, Hall challenges the constitutionality of OCGA § 16-13-30 (b) and (d).

1. Hall challenges the constitutionality of provisions (b) and (d) of OCGA § 16-13-30, on their face, and as applied.

(a) We have upheld the constitutionality of the statute against various challenges. See, e.g., *Walker v. State,* 261 Ga. 739 (410 SE2d 422) (1991) (OCGA § 16-13-30 (j) — concerning marijuana — not vague and uncertain and violative of due process); *Isom v. State,* 261

---

[1] The crime was committed on November 20, 1990, and Hall was indicted on December 28, 1990. He was convicted and sentenced on May 10, 1991. His motion for new trial was filed on June 6, 1991, amended on October 23, 1991, and denied on December 2, 1991. The notice of appeal was filed on January 2, 1992, and docketed in this court on February 6, 1992. The appeal was argued on April 13, 1992.

Ga. 596 (408 SE2d 701) (1991) (OCGA § 16-13-30 (d) not violative of equal protection and due process guarantees of United States and Georgia constitutions); *Stephens v. State*, 261 Ga. 467, 468 (405 SE2d 483) (1991) (OCGA § 16-13-30 (d) does not constitute cruel and unusual punishment under the Georgia Constitution); *Tillman v. State*, 260 Ga. 801 (400 SE2d 632) (1991) (OCGA § 16-13-30 (d) is not irrational because sentence for second offense of possession of cocaine is greater than that for trafficking in cocaine, OCGA § 16-13-31 (a) (f)); *Grant v. State*, 258 Ga. 299 (368 SE2d 737) (1988) (OCGA § 16-13-30 (d) does not constitute cruel and unusual punishment under the United States Constitution).

(b) The evidence of selective enforcement against young and impoverished blacks fails to meet the standard of intentional discrimination announced in *State v. Causey*, 246 Ga. 735 (2) (273 SE2d 6) (1980); *State v. Agan*, 259 Ga. 541, 546-549 (6) (384 SE2d 863) (1989); and *State v. Russell*, ___ Minn. ___ (477 NW2d 886) (1991). In *State v. Agan* we said "proof of selective prosecution . . . requires evidence that his prosecution represents an 'intentional or purposeful discrimination which is deliberately based upon an unjustifiable standard . . . or arbitrary classification.'"

2. The trial court's determination that Hall did not demonstrate ineffective assistance of trial counsel was not error under the standard of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

3. We have reviewed Hall's remaining claims of error. We hold that the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); and there was no error in the trial of the case that warrants a new trial, or other substantial relief.

*Judgment affirmed. Bell, P. J., Hunt, Benham, Fletcher and Sears-Collins, JJ., concur.*

BENHAM, Justice, concurring.

I concur separately to point out that while there is *some* evidence to support appellant's allegation of selective prosecution, that evidence is insufficient under both the intentional discrimination standard adopted by this court in *State v. Causey*, 246 Ga. 735 (2) (273 SE2d 6) (1980), and the disparate treatment standard utilized in *State v. Russell*, ___ Minn. ___ (477 NW2d 886) (1991). Accordingly, I join the majority in affirming the trial court's judgment.

DECIDED OCTOBER 29, 1992 —
RECONSIDERATION DENIED DECEMBER 3, 1992.

*Zion, Tarleton & Siskin, Jonathan J. Wade,* for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Charles W. Smegal, Joseph F. Burford, Assistant District Attorneys,* for appellee.