## S93A0186. HAILEY v. THE STATE.
(429 SE2d 917)

SEARS-COLLINS, Justice.

Hailey was convicted of selling cocaine in violation of OCGA § 16-13-30 (b).[1] As Hailey previously had pled guilty to possession of cocaine with intent to distribute, he was sentenced to life in prison

---

[1] The crime occurred on December 18, 1989. Hailey was indicted on June 18, 1991, and a jury convicted him on January 10, 1992. The trial court held a hearing on June 10, 1992, on Hailey's challenge to the constitutionality of § 16-13-30 (d). On September 18, 1992, the trial court held that the statute was constitutional, and sentenced Hailey to life in prison. Hailey filed his notice of appeal on September 28, 1992. The appeal was docketed in this Court on October 30, 1992, and the Court heard oral arguments on January 19, 1993.

under OCGA § 16-13-30 (d). On appeal, Hailey contends that the mandatory life sentencing provision of § 16-13-30 (d) is unconstitutional for numerous reasons. We affirm.

1. Hailey first contends that § 16-13-30 (d) is being discriminatorily enforced against African-Americans. However, as we did in *Hall v. State*, 262 Ga. 596, 597 (1) (b) (422 SE2d 533) (1992), we find that Hailey's evidence "fails to meet the standard of intentional discrimination." Id.

2. Hailey also contends that § 16-13-30 (d) creates an unconstitutional and irrational sentencing scheme by mandating a life sentence for a Schedule II narcotic drug such as cocaine, OCGA §§ 16-13-26 (1) (D); 16-13-21 (17) (D), but not for a Schedule II non-narcotic drug such as methamphetamine. Although we understand Hailey's concern with § 16-13-30 (d), for the following reasons, we are constrained to find no merit to his contention.

The legislature has wide discretion in setting penalties, *Hargrove v. State*, 253 Ga. 450, 453 (3) (321 SE2d 104) (1984), and courts may not "substitute their judgments as to the appropriateness of criminal penalties for those lawfully expressed by the General Assembly," *Tillman v. State*, 260 Ga. 801 (400 SE2d 632) (1991). However, if the penalty set is irrational, courts may invalidate the law as unconstitutional. *Hargrove*, supra, 253 Ga. at 453; *Tillman*, supra, 260 Ga. at 801. In this regard, a law setting a penalty will not be declared irrational "if there is any basis upon which the law is aimed at a legitimate state interest." *Hargrove*, supra, 253 Ga. at 453.

In *Tillman*, supra, 260 Ga. at 801-802, we addressed an attack on the rationality of § 16-13-30 (d). Tillman contended that the sentencing scheme of § 16-13-30 (d) is irrational because the mandatory life sentence for the second conviction of possession of a small amount of cocaine is greater than the 30-year maximum sentence for trafficking in greater amounts of cocaine under OCGA § 16-13-31. We held there was a rational basis for the sentencing scheme because

> [t]he General Assembly may have perceived behavior such as appellant's, repeatedly possessing cocaine with the intent to place it in the stream of commerce, as a greater threat to the public health, safety and welfare than the mere possession of cocaine, albeit in a greater amount.

Similarly, in this case, we hold that the sentencing scheme cannot be disturbed because the legislature may have perceived repeated violations of § 16-13-30 (b) with narcotic drugs as a greater threat to the public health, safety, and welfare than repeated violations with non-narcotic drugs. See *Tillman*, supra, 260 Ga. at 802.

3. Hailey's final contention is that, properly interpreted, § 16-13-

30 (d) permits a life sentence for conviction of a second offense only if the defendant has been convicted of the first offense before he commits the second offense. Here, Hailey had not been convicted of the first offense at the time he committed his second offense. He thus contends that the trial court erred in sentencing him to life in prison under § 16-13-30 (d). We disagree.

Both *State v. Hendrixson*, 251 Ga. 853, 854-855 (310 SE2d 526) (1984), and *State v. Sears*, 202 Ga. App. 352, 354-355 (414 SE2d 494) (1991), interpreted § 16-13-30 (d) to mean that the conviction of a defendant for a first offense does not have to precede the commission of the "second or subsequent offense," § 16-13-30 (d).[2]

Hailey acknowledges the holdings of *Hendrixson* and *Sears*, but contends that our recent case of *Mays v. State*, 262 Ga. 90, 91 (1) (a) (414 SE2d 481) (1992), supports his position. Hailey relies on the following language from *Mays*: "[I]t is not the date of the conviction which determines the applicability of enhanced punishment but the date of the commission of the offense." Id. at 91. Based on this language, Hailey contends that the date of the commission of his second offense determines whether he could receive enhanced punishment, and that, as he had not been convicted of the first offense at that time, he could not receive a life sentence under § 16-13-30 (d). Hailey misreads *Mays*. In *Mays* the trial court actually sentenced Mays to life imprisonment under § 16-13-30 (d) on the offense that occurred first in time, based on his previous conviction of the offense that occurred second in time. The issue in *Mays* was whether a life sentence had to be predicated upon the sequence of convictions or the sequence of offenses. We held that the sequence of offenses controls and vacated Mays' life sentence for "the first offense in time," id. at 92. Thus, under *Mays*, a life sentence can only be imposed upon conviction of an offense that is committed after the offense on which the first conviction is based. Contrary to Hailey's assertion, however, in *Mays* we did not hold that the first *conviction* had to precede the commission of the second offense. That issue was not presented in *Mays*.

For these reasons, we decline to adopt Hailey's interpretation of *Mays*, and continue to follow the holdings of *Hendrixson* and *Sears*.[3]

---

[2] See also *State v. Terry*, 257 Ga. 473 (360 SE2d 588) (1987), in which we held that a defendant's prior conviction of a capital felony need not precede commission of a subsequent offense of murder in order for the state to seek the death penalty under OCGA § 17-10-30 (b) (1), which provides that the death penalty may be imposed when the "offense of murder . . . [is] committed by a person with a prior record of conviction for a capital felony."

[3] We also reiterate that, as a requisite to seeking a mandatory life sentence under § 16-13-30 (d), the state must notify a defendant before trial of the state's intent to rely on the defendant's prior conviction under § 16-13-30 (b). OCGA § 17-10-2 (a); *Hendrixson*, supra, 251 Ga. at 854-855.

*Judgment affirmed.* 

HUNT, Presiding Justice, concurring.

I agree with the majority's holding in Division 3 that the life sentence recidivist provision of OCGA § 16-13-30 (d) does not require that a defendant be convicted of a first offense prior to the commission of the "second or subsequent offense." This is in accordance with our decision in *State v. Hendrixson*, 251 Ga. 853, 854-855 (310 SE2d 526) (1984) and with the more recent decision of the Court of Appeals in *State v. Sears*, 202 Ga. App. 352, 354-355 (8) (414 SE2d 494) (1991).

Nevertheless, the purpose of the recidivist statute is not served without requiring a prior conviction, based on a prior offense, before mandating a life sentence under OCGA § 16-13-30 (d) for a second offense. As we pointed out in *Grant v. State*, 258 Ga. 299, 300 (368 SE2d 737) (1988), citing *Rummel v. Estelle*, 445 U. S. 263, 284-285 (100 SC 1133, 63 LE2d 382) (1980), the purpose of a recidivist statute is to deter repeat offenders, and, at some point, to segregate those offenders from the rest of society for an extended period of time. The deterrent aspect occurs primarily with judicial intervention; that is, when the defendant has been convicted and sentenced, and informed that he will face a life sentence if he commits another, similar felony. Without this judicial intervention, a defendant is not normally put on notice of the very severe punishment facing him under the recidivist statute if he violates the law again. Indeed, in *Rummel*, in upholding the Texas recidivist statute against a constitutional challenge under the Eighth Amendment, the majority of the U. S. Supreme Court noted the deterrent nature of the Texas statute:

> [U]nder [the Texas statute] a three-time felon receives a mandatory life sentence, with possibility of parole, only if commission and conviction of each succeeding felony followed conviction for the preceding one, and only if each prior conviction was followed by actual imprisonment. Given this necessary sequence, a recidivist must twice demonstrate that conviction and actual imprisonment do not deter him from returning to crime once he is released. One in Rummel's position has been both graphically informed of the consequences of lawlessness and given an opportunity to reform, all to no avail.

Id. 445 U. S. at 278, 100 SC at 1141. Unlike the Texas statute, OCGA § 16-13-30 (d), as we have interpreted it, allows a mandatory life sentence for a second offense, even where the defendant has not first been convicted, sentenced, and "informed of the consequences of [his]

lawlessness and given an opportunity to reform."[4] Clearly, the primary purpose of deterrence is not served under these circumstances.

However, because of the precedent cited by the majority, I concur in the opinion.

I am authorized to state that Justice Benham joins in this concurrence.

BENHAM, Justice, concurring.

As I did in *Hall v. State*, 262 Ga. 596 (422 SE2d 533) (1992), I write separately to point out that while there is *some* evidence to support appellant's allegation of selective prosecution, that evidence is insufficient under both the intentional discrimination standard adopted by this court in *State v. Causey*, 246 Ga. 735 (2) (273 SE2d 6) (1980), and the disparate treatment standard utilized in *State v. Russell*, 477 NW2d 886 (Minn. 1991). Accordingly, I join the majority in affirming the trial court's judgment.

DECIDED JUNE 7, 1993 —
RECONSIDERATION DENIED JUNE 21, 1993.

*Summer & Summer, Daniel A. Summer,* for appellant.

*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paula K. Smith, Assistant Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.

---

[4] For example, in the typical undercover operation, a defendant may engage in several illicit drug transactions over the span of days, or even hours, and thereafter be selectively prosecuted so that the terms of the recidivist statute may be enforced against him.