A93A0525. FOSTER v. THE STATE.
(432 SE2d 662)

JOHNSON, Judge.

Edrick Foster appeals from his conviction of sale of cocaine. At his trial, the State presented evidence showing that Foster sold ten pieces of "crack" cocaine to an undercover police officer in Brooks County, Georgia. The State also presented evidence of a similar transaction. A police officer testified that on another occasion Foster arrived at a motel in Brooks County where the police were executing search warrants. Upon seeing the police, Foster fled and the officer saw him throw down two plastic bags containing a total of 41 pieces of crack cocaine. Foster's sole argument on appeal is that the trial court erred in admitting this similar transaction evidence. "Evidence of similar crimes is admissible when its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact. However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged." (Citations and punctuation omitted.) *Mosley v. State,* 203 Ga. App. 275 (1) (416 SE2d 736) (1992). Here,

the officer identified Foster as the perpetrator of the independent crime. "On the question of similarity, the trial court's findings will not be disturbed unless 'clearly erroneous.' [Cits.]" *Mitchell v. State*, 206 Ga. App. 672, 673 (2) (426 SE2d 171) (1992). Based on the evidence presented, the trial court's finding that the independent crime is similar to the crime charged is not clearly erroneous. The court did not err in admitting the similar transaction evidence.

*Judgment affirmed. Blackburn and Smith, JJ., concur. Blackburn, J., also concurs specially.*

BLACKBURN, Judge, concurring specially.

In upholding the admission of the evidence of the similar crime in this case, the majority opinion correctly notes that before such evidence is admissible, the state must show that the defendant was the perpetrator of the other offense, and that there is sufficient similarity between the independent crime and the offense charged so that proof of the former tends to prove the latter. However, "[i]t must also be emphasized that evidence of independent crimes is never admissible unless its relevancy to the issues on trial outweighs the prejudice it creates. [Cit.]" *Brunson v. State*, 207 Ga. App. 523 (428 SE2d 428) (1993). See generally *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991); *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991).

In charging the jury, the trial court emphasized that the evidence of the similar transaction was admitted only for the purpose of demonstrating the defendant's state of mind. It is unclear from the record whether the trial court undertook to weigh the relevancy of the evidence against the prejudice created by it, as should have been done. However, we may not consider this enumerated error, because the appellant failed to object to the admission of the evidence.

"The very *first* time that appellant has *ever* urged that the State failed to meet its evidentiary burden [with regard to the admissibility of the evidence of a similar transaction] is in the brief that he filed with this court in support of the instant appeal. However, nothing in *Stephens* or *Williams* suggests that the Supreme Court has determined to dispense with the long-standing rule that, to warrant appellate consideration, an objection to the admission of evidence must first have been raised in the trial court. . . . In the absence of such an objection, however, any discussion of *Stephens* or *Williams* in the instant case is inappropriate." *Hunter v. State*, 202 Ga. App. 195, 198 (3) (413 SE2d 526) (1991).

Because of the appellant's failure to object to the admission of the evidence of the independent crime in the trial court, the issue presents no ground for review on appeal.

DECIDED JUNE 15, 1993.

*David A. Parker*, for appellant.

*H. Lamar Cole*, District Attorney, *James E. Hardy, Mark E. Mitchell*, Assistant District Attorneys, for appellee.