## A03A2391. DENNARD v. THE STATE.
### (593 SE2d 694)

MIKELL, Judge.

James Milton Dennard, acting pro se, appeals the trial court's denial of his March 12, 2003, motion to vacate void sentence. On May 25, 1994, Dennard was convicted of violating the Georgia Controlled Substances Act by selling cocaine. Because he had a prior conviction for cocaine possession with intent to distribute,[1] the court sentenced him to life in prison. He argues on appeal that the sentence was void because the trial court erred in considering cocaine to be a narcotic drug. We affirm the trial court's denial of Dennard's motion.

In its current form, OCGA § 16-13-30 (d) provides:

> [A]ny person who violates subsection (b) of this Code section [prohibiting distribution or possession with intent to distribute] with respect to a controlled substance in Schedule I or Schedule II shall be guilty of a felony. . . . Upon conviction of a second or subsequent offense, he or she shall be imprisoned for not less than ten years nor more than 40 years or life imprisonment.

In 1994, when Dennard was sentenced, subsection (d) provided: "[A]ny person who violates subsection (b) of this Code section with respect to a controlled substance in Schedule I or a narcotic drug in Schedule II shall be guilty of a felony. . . . Upon conviction of a second or subsequent offense, he shall be imprisoned for life." See *Ste-*

---

[1] The record shows that Dennard actually had three prior convictions for violating the Georgia Controlled Substances Act, as he also had two convictions for possession of cocaine, OCGA § 16-13-30 (a).

*phens v. State*, 265 Ga. 356 (1) (456 SE2d 560) (1995), citing OCGA § 16-13-30 (d). See also Ga. L. 1974, pp. 221, 243, § 79A-811 (enactment of Georgia Controlled Substances Act).[2]

Dennard argues that cocaine is not a narcotic drug, and, therefore, that the court erred in sentencing him to life in prison. However, Dennard is mistaken, and this argument has no merit. See, e.g., *Grant v. State*, 258 Ga. 299 (368 SE2d 737) (1988) (life sentence for second conviction of sale of cocaine affirmed). Dennard appears to believe that "narcotic drug" and "controlled substance" are mutually exclusive terms; however, that is not the case. Cocaine is classified as a controlled substance that is a narcotic drug. OCGA § 16-13-26 (1) (D) lists cocaine as a Schedule II controlled substance. OCGA § 16-13-21 (17) (D) includes cocaine in its definition of "narcotic drug."

Based on the mandatory sentencing provision of OCGA § 16-13-30 (d) in place at the time of Dennard's conviction, the trial court properly sentenced him to life in prison.[3] Accordingly, the trial court did not err in denying his motion to vacate the sentence.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 16, 2004.

James M. Dennard, *pro se.*
*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.

---

[2] The statute was amended in 1996 to eliminate the distinction between narcotic and nonnarcotic drugs so that subsequent violations of subsection (b) for either drug would be sentenced under subsection (d). Ga. L. 1996, pp. 1023-1024, § 1.1.

[3] In 1988, our Supreme Court expressly held that the mandatory sentencing provision of OCGA § 16-13-30 (d) did not violate the Fourteenth or Eighth Amendment to the United States Constitution. *Grant*, supra. Accord *Carr v. State*, 201 Ga. App. 479 (411 SE2d 913) (1991).