## A10A0031. HARWOOD v. THE STATE.
(692 SE2d 665)

JOHNSON, Presiding Judge.

In May 1998, Phillip Anthony Harwood was indicted on charges of malice murder, felony murder, two counts of aggravated assault, and two counts of burglary in connection with the 1987 shooting death of Lita Sullivan. He was re-indicted in June 1998 in order to add Harwood's correct name. Harwood waived arraignment and pled not guilty in August 1998. In September 1998, the state filed a notice of intent to seek the death penalty. Harwood's attorney filed a motion to bar the state from seeking the death penalty, based on the state's failure to give Harwood notice of its intention to seek the death penalty before he waived arraignment.[1] In October 1998, after holding a hearing on the matter, the trial court issued an order allowing the state to re-arraign Harwood in order to correct the procedural error of filing the death penalty notice after Harwood waived arraignment.[2] Harwood was re-arraigned in January 1999.

In February 2003, while represented by counsel, Harwood entered a negotiated plea of guilty to one count of voluntary manslaughter in exchange for his agreement to testify against co-defendant James Sullivan. The trial court accepted the guilty plea and sentenced Harwood to 20 years in confinement. In January

---

[1] See Unified Appeal Procedure ("UAP") Rule II (C) (1) (after indictment and before arraignment, prosecuting attorney shall give written notice of intention to seek death penalty).

[2] *State v. Terry*, 257 Ga. 473, 474 (2) (360 SE2d 588) (1987) (although the UAP requires the state to announce prior to arraignment whether it intends to seek the death penalty, nothing in the UAP forbids a re-arraignment to cure the failure).

2009, Harwood filed a motion for an out-of-time appeal. Harwood files this pro se appeal from the trial court's denial of that motion. We affirm.

> An out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to the facts on the record is met.[3]

Thus, the denial of Harwood's motion for an out-of-time appeal can be reversed only if the questions he seeks to raise on appeal may be resolved by facts appearing in the record.[4] Moreover, the denial of a motion for an out-of-time appeal falls within the trial court's discretion, and we will not reverse the trial court's ruling absent an abuse of that discretion.[5] Here, we find no such abuse of discretion.

Harwood enumerates three bases for his appeal, namely: (1) that the state's notice of intent to seek the death penalty was untimely; (2) that re-arraignment "had no legal meaning," since it did not cure the state's procedural error; and (3) that his guilty plea was coerced by the trial court, the state, and his attorneys with the false threat that he faced the death penalty.

The first two enumerations of error are not proper subjects of a motion for an out-of-time appeal.[6] Once a defendant has solemnly admitted in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims alleging the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.[7] With a few limited exceptions, a plea of guilty generally waives all defenses except that based on the knowing and voluntary

---

[3] (Citations and punctuation omitted.) *Hicks v. State*, 281 Ga. 836, 836-837 (642 SE2d 31) (2007); *Smith v. State*, 266 Ga. 687, 687-688 (470 SE2d 436) (1996).

[4] *Hicks*, supra.

[5] *Dowling v. State*, 294 Ga. App. 413 (669 SE2d 198) (2008).

[6] See *Smith*, supra.

[7] *Addison v. State*, 239 Ga. 622, 624 (238 SE2d 411) (1977).

nature of the plea.[8]

Thus, only Harwood's third enumeration of error can be construed as raising a proper issue for an out-of-time appeal. In it, Harwood maintains that he was coerced by trial counsel into pleading guilty by the threat of a death penalty trial — when the state's death penalty notice was untimely and therefore invalid. Because he pled guilty, Harwood's appeal is limited to whether "the advice he received from counsel was within the standards set forth in *McMann*," i.e., within the range of reasonably competent advice demanded of attorneys in criminal cases.[9] And, Harwood must be able to show ineffectiveness of counsel by reference to facts on the record.[10]

First, we note that the state was not barred from seeking the death penalty where the death penalty notice was untimely, inasmuch as re-arraignment cured the error.[11] So, Harwood has not shown that he was misinformed about possible sentencing for the charged offenses.

Second, even assuming, for the sake of argument, that the state was precluded from seeking the death penalty against Harwood based on the timing of the death penalty notice, and further assuming that advice from his attorneys regarding a possible death penalty can be deemed coercive, the fact is that Harwood has not shown by reference to the record that his attorneys misinformed him regarding possible sentencing.[12] Under the circumstances, an out-of-time appeal is not available.[13]

We note that the transcript of the plea hearing shows, among other things, that Harwood swore that he was satisfied with his attorneys' representation, understood the charges against him, understood that the decision to plead guilty was his alone, had not been coerced or threatened in any way, offered the guilty plea freely and voluntarily, and thought it was in his best interest to plead guilty to the reduced charge of voluntary manslaughter.

Given that the record fails to establish that the claims of error Harwood could have raised in a timely direct appeal would have been meritorious, we need not consider whether his right to appeal was

---

[8] *Edmond v. State*, 214 Ga. App. 707, 708 (1) (448 SE2d 775) (1994).

[9] (Punctuation omitted.) *Addison*, supra, citing *McMann v. Richardson*, 397 U. S. 759, 770-771 (90 SC 1441, 25 LE2d 763) (1970) (defendant's guilty plea based on reasonably competent advice of counsel is an intelligent plea; counsel not ineffective where advice was within range of competence demanded of attorneys in criminal cases).

[10] See *Moore v. State*, 285 Ga. 855, 858 (3) (684 SE2d 605) (2009).

[11] *Terry*, supra.

[12] See *Barlow v. State*, 282 Ga. 232, 234 (647 SE2d 46) (2007); *Stewart v. State*, 268 Ga. 886, 887 (494 SE2d 665) (1998).

[13] See *Stewart*, supra.

frustrated by the alleged failure of his counsel or the trial court to inform him of such right.[14]

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 23, 2010 —
RECONSIDERATION DENIED MARCH 23, 2010 —

Phillip A. Harwood, *pro se.*

Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, *Assistant District Attorney*, for appellee.

---

[14] See *Smith v. State*, 298 Ga. App. 458, 460 (680 SE2d 516) (2009).